FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 29 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE PEARLMAN and MARC TELL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CABLEVISION SYSTEMS CORPORATION, <br><br> Defendant. | Case No. 10 4992 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY DEMANDED** <br><br> BIANCO, J. <br> TOMLINSON, M.J. |

Plaintiffs, by and through their undersigned counsel, make the following allegations and claims against Cablevision Systems Corporation ("Cablevision" or "Defendant") on behalf of themselves and all others similarly situated, upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record, as follows:

### NATURE OF ACTION

1. This action is brought to recover for damages sustained as a result of Cablevision's failure to provide its customers with programming to which they are contractually entitled. Cablevision has, among others, breached its contractual agreements with its customers and should be ordered to compensate them for its violations.

### JURISDICTION

2. Jurisdiction is proper pursuant to the Class Action Fairness Act of 2005. 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

1

3. Venue is proper in this District because Cablevision is located in this District.

## PARTIES

4. Plaintiffs are each Cablevision customers who reside in Nassau County, New York.

5. Cablevision is a Delaware corporation with headquarters located at 1111 Stewart Avenue, Bethpage, New York 11714. Cablevision (including its subsidiaries) is the fifth largest cable operator in the United States based on the number of basic video subscribers. According to Cablevision, it operates the nation's largest cable cluster, including more than five million households and businesses in the New York and Philadelphia metropolitan broadcasting areas. In certain locations, Cablevision is the only available provider of cable services. In addition to the News 12 and MSG Varsity television networks, which Cablevision owns and operates, its subsidiary Rainbow Media Holdings ("Rainbow") owns and operates television networks AMC, IFC, Sundance Channel and WEtv and IFC Entertaimnent, a film production company.

## SUBSTANTIVE ALLEGATIONS

6. Plaintiffs and other Cablevision customers each individually contracted with Cablevision to receive cable television programming from Cablevision, including, among others, WNYW a/Ida Fox 5, WWOR a/k/a the My9 Channel, WTXF a/k/a Fox 29, Fox Business, National Geographic Wild and Fox Deportes (collectively, the "Fox Channels").

7. Cablevision represented that it carried the Fox Channels on its cable television service. Based upon those representations, Plaintiffs and the Class members entered into contracts with Cablevision for cable television services.

8. On or about October 15, 2010, Cablevision's agreement with News Corporation ("News Corp."), pursuant to which Cablevision carried the Fox Channels, expired.

9. As a result of a contract dispute between Cablevision and the News Corp., Cablevision has failed to provide its customers with certain programming and networks since October 16, 2010, including without limitation, the Fox Channels. As a result of this failure, Cablevision is providing far less programming to its subscribers than it did before the contract dispute. Cablevision is aware of this failure and has advertised its dispute with News Corp. on the Fox Channels in the place of actual programming.

10. The Fox Channels comprise one of the four major television networks in the United States. It produces and broadcasts important and popular television content, including without limitation: New York Giants football; Major League Baseball World Series; Major League Baseball National League Championship Series; National Football League Super Bowl XLV; Glee; House; American Idol; Hell's Kitchen; The Simpsons; Family Guy; The Wendy Williams Show; Dr.Oz Good Day New York; and Fox 5 News.

11. To date, Cablevision has failed to carry the Fox Channels for nearly two weeks and counting, with no apparent end in sight. This is a substantial and material reduction in the broadcast and programming service that the Class members receive from Cablevision, in terms of both content and duration.

12. Pursuant to its own terms of service, Cablevision agreed to give each customer a credit for each "known program or service interruption in excess of 24 consecutive hours...." *See* Agreement for iO TV ¶4 (available at www.optimum.net/Terms/iO).

13. Cablevision has failed to offer, let alone provide, any such credit to the Class members.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this class action pursuant to Fed. R. Civ. Pro. 23 on behalf of

themselves and all other similarly situated customers who contracted with Cablevision prior to October 16, 2010 to receive cable television service on or after October 16, 2010 (the "Class"). Excluded from the Class is Defendant, and any person, firm or entity related, employed by or affiliated with Defendant, including, without limitation, officers and directors of Cablevision.

15. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiffs reasonably estimates that there are thousands of purchasers of the products at issue.

16. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

> (a) Whether Cablevision is contractually obligated to provide its customers with cable programming;
>
> (b) Whether Cablevision has provided is customers with cable programming since October 16, 2010;
>
> (c) Whether Cablevision breached its contracts with its customers in failing to provide cable programming since October 16, 2010;
>
> (d) Whether Cablevision has been unjustly enriched at the expense of the Class members;
>
> (e) Whether Cablevision violated New York General Business Law § 349, et seq.,

17. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

18. Plaintiffs will fairly and adequately protect the interests of the Class, and they

have retained attorneys experienced in class and complex litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

  (a) It is economically impractical for members of the Class to prosecute individual actions;

  (b) The Class is readily definable; and

  (c) Prosecution as a class action will eliminate the possibility of repetitious litigation.

20. A class action will cause an orderly and expeditious administration of the claims of the Class. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

21. Plaintiffs do not anticipate any undue difficulty in the management of this litigation.

## CAUSES OF ACTION

### COUNT I – Breach of Contract

22. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

23. Pursuant to its contact with each Class member, Cablevision is required to (i) provide the Fox Channels to each Class member; and (ii) give each Class member a credit on account of any interruption of service.

24. Cablevision has failed to (i) carry the Fox Channels; or (ii) provide any credit to the Class members for the substantial and material interruption of service related to the Fox Channels.

25. The Class members have suffered damages as a result of Cablevision's breach of

contract.

## COUNT II – Unjust Enrichment

26. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

27. The Class members paid Cablevision with the reasonable expectation that they would receive full, uninterrupted service, including the Fox Channels.

28. Cablevision knew, or reasonably should have known, that it would not be able to provide such service to the Class members.

29. Cablevision, nonetheless, accepted the Class members' payments without making restitution for the substantial and material interruption of service concerning the Fox Channels.

30. The Class members have suffered damages as a result of Cablevision's conduct

## COUNT III – Consumer Fraud

31. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

32. Cablevision knew, or reasonably should have known, that it would be unable to provide the Fox Channels to its customers.

33. Cablevision advertised and represented that it carried the Fox Channels and certain programming only available on those stations.

34. Cablevision failed to advise Class members that it would cease providing the Fox Channels.

35. Cablevision, nonetheless, extracted payment in full for monthly service in accordance with its contracts with each of the Class members.

36. Based upon Cablevision's actions, the Class members each paid Cablevision's monthly fee, in contemplation of receiving the Fox Channels' programming

37. Cablevision's actions were consumer-oriented, directed towards the Class

members.

38. Cablevision's actions were materially misleading.

39. Each of the Class members has suffered damages as a result of Cablevision's conduct.

40. Cablevision's actions violate New York's General Business Law § 349 and 350, and constitute deception, false promise, misrepresentation, concealment, suppression, and omission of material fact in its advertising.

## JURY DEMAND

41. Plaintiffs demand a jury trial on all claims for triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

A. That the Court enter an order finding that Cablevision breached its contract with its customers, was unjustly enriched and violated New York's General Business Law § 349 and 350, as a result of the conduct alleged herein;

B. That the Court award the members of the Class damages equal to loss of the programming alleged herein including interest and attorneys' fees;

C. That the Court award the members of the Class damages equal to and compensation pursuant to New York's General Business Law § 349 and 350, including without limitation compensatory damages, punitive damages, treble damages, injunctive relief, costs and fees;

D. That the Court enjoin Cablevision and direct that any future broadcast contract entered into by Cablevision have mandatory dispute resolution mechanisms, requiring resolution of any contract dispute prior to the expiration of such contract;

E.	That the Court award punitive damages, attorneys' fees and costs incurred in this action;

F.	That the Court grant Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: October 29, 2010

**SARRAF GENTILE LLP**

_____
Ronen Sarraf
Joseph Gentile
116 John Street, Suite 2310
New York, New York 10038
T: 212-868-3610
F: 212-918-7967

**SHALOV STONE BONNER
& ROCCO LLP**
Lee S. Shalov
Ralph M. Stone
260 Madison Avenue, 17th Floor
New York, NY 10016
T: 212-239-4340
F: 212-239-4310

*Counsel for Plaintiffs*