```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THEODORE PEARLMAN, MARC TELL,
JULIA GALLO, ANDREW KOPLIK, and
DOROTHY RABSEY, individually and on
behalf of all others similarly
situated,

                    Plaintiffs,

        -against-                          MEMORANDUM & ORDER
                                           10-CV-4992(JS)
CABLEVISION SYSTEMS CORP.,

                    Defendant.
----------------------------------X
ARTHUR FINKEL, ANGELO BRUCCHIERI,
and DAVID MENONI, on behalf of
themselves, and all others similarly
situated,

                    Plaintiffs,

        -against-                          10-CV-5021 (JS)

CABLEVISION SYSTEMS CORP.,

                    Defendant.
----------------------------------X
RALPH DUDLEY, on his own behalf and
on behalf of all others similarly
situated,

                    Plaintiff,

        -against-                          10-CV-5510 (JS)

CABLEVISION SYSTEMS CORP., and
CSC HOLDINGS, LLC,

                    Defendants.
----------------------------------X
```

```
----------------------------------X
WILLIAM CANFIELD, and SALVATORE
GANDOLFO, on behalf of themselves
and all others similarly situated,

                        Plaintiffs,

         -against-                         10-CV-5511 (JS)

CABLEVISION SYSTEMS CORP., and
CSC HOLDINGS, LLC,

                         Defendants.
----------------------------------X
SEAN AHEARN, on his own behalf and
on behalf of all others similarly
situated,

                        Plaintiff,

         -against-                         10-CV-5512 (JS)

CABLEVISION SYSTEMS CORP. and
CSC HOLDINGS, LLC,

                        Defendants.
----------------------------------X
APPEARANCES:
For the Canfield,
Ahearn, and Dudley
Plaintiffs:         Richard J. Schager , Jr., Esq.
                    Andrew R Goldenberg, Esq.
                    Stamell & Schager, LLP
                    One Liberty Plaza, 35th Floor
                    New York, NY 10006

                    Michael C. Rakower, Esq.
                    David Emanuel Miller, Esq.
                    Law Office of Michael C. Rakower, P.C.
                    747 Third Avenue, 32nd Floor
                    New York, NY 10017

For the Pearlman
and Finkel
Plaintiffs:         Joseph Gentile, Esq.
                    Sarraf Gentile, LLP
                    One Penn Plaza, Suite 2424
                    New York, NY 10119
```

```
                    Lee S. Shalov, Esq.
                    Ralph M. Stone, Esq.
                    Shalov Stone Bonner & Rocco LLP
                    260 Madison Avenue, 17th Floor
                    New York, NY 10016

                    Todd J. Krouner, Esq.
                    Scott Jaller Koplik, Esq.
                    Law Offices of Todd J. Krouner
                    93 North Greeley Avenue, Suite 100
                    Chappaqua, NY 10514

                    Darren T. Kaplan, Esq.
                    Gregory E. Keller, Esq.
                    Chitwood Harley Harnes, LLP
                    11 Grace Avenue, Suite 306
                    Great Neck, NY 11021

For Defendants:     Thomas H. Golden, Esq.
                    Wilkie Farr & Gallagher
                    787 Seventh Avenue
                    New York, NY 10019
```

SEYBERT, District Judge:

On January 4, 2011, four of the five above-captioned cases (Finkel, Canfield, Ahearn, and Dudley) were transferred to the undersigned from Judge Feuerstein's docket.[1] In the fifth, the Pearlman case, the Plaintiffs have moved to (1) consolidate all of the cases pursuant to Federal Rule of Civil Procedure 42, and (2) have their counsel (Shalov Stone Bonner & Rocco LLP, the Law Office of Todd J. Krouner, and Chitwood Harley Harnes, LLC, collectively the "Shalov-Krouner Group") appointed interim lead counsel pending

---

[1] The Court understands that a similar case, Siegel v. Cablevision Systems Corp., No. 11-CV-0129 (D.N.J.) is in the process of being transferred here from the District of New Jersey. Upon transfer, that case will be consolidated with this consolidated action, if appropriate.

3

the class-certification decision pursuant to Federal Rule of Civil Procedure 23(g)(2)(A)[2]. See Docket Entry 9. On the first point, all of the parties have agreed that consolidation of the actions would serve the interest of judicial economy. In response to the consolidation motion, Cablevision Systems Corporation and CSC Holdings, LLC ("Cablevision" or "Defendants") requested a schedule for filing a consolidated amended complaint that would supersede the pending complaints and reset the response deadlines. (See Defts.' Opp., p. 4.)

The Canfield, Ahearn, and Dudley plaintiffs, however, cross-move to object to the interim lead counsel candidacy of the Shalov-Krouner Group. (See Pearlman Docket Entry 17.) In their view, the Court should appoint their counsel, Stamell & Schager, LLP and the Law Office of Michael C. Rakower, P.C. (the "Schager-Rakower Group") as interim lead counsel. For the reasons discussed below, the Pearlman Plaintiffs' motion to consolidate and appoint interim lead counsel is GRANTED. Defendants' request for a consolidated amended complaint superseding the five pending complaints is GRANTED.

DISCUSSION

I.  Consolidation

Federal Rule of Civil Procedure 42(a) provides that "[i]f

---

[2] The Finkel Plaintiffs, who are represented by the same counsel as the Pearlman Plaintiffs, filed the same motion in their case. (See Finkel Docket Entry 13.)

actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In deciding whether to consolidate cases, the trial courts are vested with "broad discretion." Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). An invaluable and economizing tool of judicial administration, Rule 42 should be liberally employed "to expedite trial and eliminate unnecessary repetition and confusion." Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999). In exercising its discretion, the trial court must weigh the efficiency gains against the risk of prejudice to the parties and possible confusion of the issues. Johnson, 899 F.2d at 1285.

Here, mindful that all of the parties agree that consolidation is appropriate, the Court finds that the gains in judicial economy outweigh any prejudice that might result. Each of the five sets of Plaintiffs endeavors to represent the same class of individuals and alleges virtually identical causes of action rooted in virtually identical factual allegations. Accordingly, the motion to consolidate pursuant to Rule 42 is GRANTED.

II. A Consolidated Amended Complaint

"Directing discovery to one complaint, rather than to [numerous] complaints, avoids the possible confusion and the possible problems stemming from the situation where each plaintiff

5

pursues his individual complaint." Katz v. Realty Equities Corp. of New York, 521 F.2d 1354, 1359-60 (2d Cir. 1975). For this reason, a consolidated pleading is an efficient way to address multiple related cases. Id. A single pleading in a single action, moreover, appropriately "serve[s] as the vehicle for defining the proposed class and deciding class certification." Manual for Complex Litigation § 21.26 (4th ed. 2004).

The Plaintiffs are directed to file a Consolidated Amended Complaint within twenty-one (21) days of the entry of this Order. Within twenty-one (21) days of the service on Defendants of the Consolidated Amended Complaint, Defendants shall answer, move with respect to, or otherwise respond to the Consolidated Amended Complaint. Defendants need not respond to the constituent complaints that are the subject of this consolidation Order.

III. Interim Lead Counsel

Federal Rule of Civil Procedure 23(g)(2)(A) provides for the designation of interim lead counsel in situations where there are various counsel jousting for class counsel appointment in the pre-certification stage. Fed. R. Civ. P. 23(g)(2)(A) committee note. The appointment of interim lead counsel, among other things, clarifies responsibility for the protection of the interests of the putative class during pre-certification motions, discovery, and settlement activity. See Manual for Complex Litigation § 21.11 (4th ed. 2004). In appointing proper class counsel, the Court

6

considers the following factors: (a) the work counsel has done in identifying or investigating potential claims; (b) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (c) counsel's knowledge of the applicable law; and (d) the resources counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A); In re Municipal Derivatives Antitrust Litig., 252 F.R.D. 184, 186 (S.D.N.Y. 2008).

       Here, four of the five groups of plaintiffs' counsel involved in Cablevision litigation have agreed to jointly prosecute their clients claims, with the Shalov-Krouner Group serving as lead counsel.  (See Docket Entry 20-2, Krouner Declaration ¶ 6.)[3]  The Shalov-Krouner Group's resources include thirty-three attorneys spread among eight offices in New York City, Westchester, Long Island, and in Union and Monmouth Counties in New Jersey.  By contrast, the Schager-Rakower Group has six attorneys in two Manhattan offices.  The Shalov-Krouner Group's greater depth suggests that it is better suited to safeguarding the putative class's interests.  To the extent that it has received facts bearing on the remaining factors, the Court finds that counsel are

---

[3] This figure includes plaintiffs' counsel in Bohm v. Cablevision Systems Corp., No. 10-CV-5624 (D. N.J.), a matter currently pending in the District of New Jersey. The firm, Marks and Klein, LLP, has agreed to join in the Shalov-Krouner Group's amended complaint if the Shalov-Krouner Group is appointed lead counsel. (See Docket Entry 20-2, Krouner Decl. n.4.)

roughly comparable in these areas. Accordingly, the Shalov-Krouner Group is appointed interim lead counsel.

## CONCLUSION

Based on the foregoing reasons, the above-captioned actions are hereby consolidated and shall hereby be identified as: <u>In re Cablevision Consumer Litigation</u>, Master File No. 10-CV-4992. Any other consumer actions now pending or hereafter filed in, or transferred or removed to, this District that arise out of the same facts and claims as alleged in this action shall be consolidated with this action for all purposes if and when the Court is apprised of them. The parties shall notify the Court of any other action pending or filed outside of this District that may be related to the subject matter of this action if and when they become aware of such actions.

When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Documents Relates to:" in the caption. When a pleading is intended to be applicable only to some, but not all, of such actions, this Court's docket number for each individual action to which the paper is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates to:" in the caption.

Interim lead counsel, the Shalov-Krouner Group, shall

8

have the authority to speak for all plaintiffs in matters regarding pretrial procedure, trial, and settlement negotiations and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts.  Interim lead counsel shall be responsible for coordinating all activities and appearances on behalf of all plaintiffs and for the dissemination of notices and orders of this Court.  No motion, request for discovery, or other pretrial or trial proceedings shall be limited or filed by Plaintiffs except through interim lead counsel.  Defendants' counsel may rely upon agreements made with interim lead counsel.  Such agreements shall be binding on all parties.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    February   1  , 2011
          Central Islip, New York