| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON         DATE:   3/29/11
          U.S. MAGISTRATE JUDGE         TIME:   10:00 AM

*Pearlman, et al. v. Cablevision Systems Corp.*, **CV 10-4992 (JS) (AKT)**

TYPE OF CONFERENCE:        INITIAL CONFERENCE

APPEARANCES:   Plaintiff     Ralph M. Stone
                             Carol Shahmoon

               Defendant     Thomas H. Golden

SCHEDULING:

The next conference will be held by telephone on September 15, 2011 at 11:00 a.m. Plaintiffs' counsel is requested to initiate the call to Chambers.

THE FOLLOWING RULINGS WERE MADE:

1. Counsel for the parties in this styled class action claiming breach of contract met for a Rule 26(f) conference and submitted . Based on the discussions that transpired with counsel today, I am entering a Limited Case Management and Scheduling Order. Plaintiffs' counsel indicated that they already served their Initial Disclosures pursuant to Rule 26(a). Defendant's counsel has until April 14 to serve its Initial Disclosures. I also requested that both counsel mail to Chambers copies of their Initial Disclosures.

   Essentially, plaintiffs allege that on or about October 15, 2010, when Cablevision's agreement with News Corporation (pursuant to which Cablevision carried the FOX network channels) expired, Cablevision failed to provide its customers, including the plaintiffs, with certain programming, including the Fox Channels and accompanying television programming. Plaintiffs claim that Cablevision has failed to offer or provide credit to its customers for the service interruption in excess of 24 consecutive hours.

2. Defendant's counsel filed a letter motion seeking to stay discovery during the pendency of Defendant's motion to dismiss [DE 35]. After hearing from counsel for both parties today, I DENIED this motion. However, I limited what discovery will go forward at this time.

   In this regard, I precluded counsel from seeking discovery in connection with Plaintiff's claim that Defendant failed to negotiate in good faith with Fox/News Corp until Defendant's motion to dismiss is decided. In addition, other than the papery discovery permitted in the Limited Case Management and Scheduling Order being entered separately, all other discovery (including depositions) are held in abeyance.

3. Based upon the discussions with the attorneys during today's conference, a Stipulation and Order of Confidentiality will be needed during the discovery and trial phases of this case. Therefore, I am directing that the parties submit the proposed document by April 29, 2011, which will thereafter be reviewed and "so ordered" if appropriate. That Order will then become part of the Court record.

4.  I am also giving the parties until April 29, 2011 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file a letter on ECF no later than April 29, 2011 advising me of what agreement/ procedure has been put in place. In the alternative, if there is no ESI relevant to this case, the parties shall so advise me in the same manner.

5.  In accordance with Local Rule 37.3, the parties are obligated to confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible. Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party.

6.  Further discovery and the anticipated motion for class certification will be discussed during the September 15 Telephone Conference.

7.  Defendant's counsel confirmed that a litigation hold had been issued by the Defendant prior to the commencement of this action in October 2010.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge