UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------- x
                                :
**In re Cablevision Consumer Litigation**   :   Master File No.
                                :   10-CV-4992 (JS) (AKT)
------------------------------- x
                                :
                                :   **ECF CASE**
This Document Relates to:       :   **Electronically Filed**
                                :
All Actions                     :
                                :
------------------------------- x

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
CABLEVISION SYSTEMS CORPORATION AND CSC HOLDINGS, LLC
TO THE SECOND CONSOLIDATED AMENDED COMPLAINT**

Defendants Cablevision Systems Corporation ("Cablevision Systems") and CSC Holdings, LLC ("CSC" and, together with Cablevision Systems, "Cablevision"), by and through their undersigned counsel, Willkie Farr & Gallagher LLP, hereby answer Plaintiffs' Second Consolidated Amended Complaint (the "Complaint").

Except as otherwise expressly stated, Cablevision denies each and every allegation contained in every paragraph of the Complaint, including all headings and subheadings; denies all allegations in the Complaint to the extent they suggest that Cablevision breached any contractual or other legal obligation to any subscriber; specifically denies any liability to Plaintiffs or any members of the class that Plaintiffs purport to represent; and denies that any of the claims asserted against Cablevision may properly be maintained as a class action or that the putative class representatives are appropriate class representatives.  Whenever any paragraph of this Answer states, for whatever reason, that no response is required, to the extent a response is required, Cablevision denies the allegation.  This statement is incorporated in each of the specific responses below as if stated fully therein.  No response to any allegation waives any portion of the partial dismissal of the claims in the Court's March 28, 2012 Memorandum and Order.

As to the specific paragraphs of the Complaint, Cablevision responds based upon knowledge with respect to itself and its own acts and on information and belief with respect to all other matters as follows:

## AS TO "NATURE OF THE ACTION"

1. Cablevision respectfully submits that paragraph 1 of the Complaint is a summary of Plaintiffs' legal position as to which no response is required. Notwithstanding that, Cablevision denies the allegations in paragraph 1 of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

2. Cablevision respectfully submits that the allegations contained in paragraph 2 of the Complaint are not factual allegations, and that therefore no response is required.

3. Cablevision denies the allegations of paragraph 3 of the Complaint, except admits that, from October 16, 2010 to October 30, 2010, News Corp. exercised its right under federal law to deny Cablevision the right to retransmit WNYW a/k/a Fox 5, WWOR a/k/a the My9 Channel, WTXF a/k/a Fox 29, and that during that period News Corp. also elected not to deliver to Cablevision the signals of Fox Business Network, National Geographic Wild, and Fox Deportes.

4. Cablevision denies the allegations of paragraph 4 of the Complaint.

5. Cablevision denies the allegations of paragraph 5 of the Complaint.

6. Cablevision denies the allegations of paragraph 6 of the Complaint, except admits that as of October 30, 2010, News Corp. again allowed Cablevision to retransmit, under federal law, the broadcast signals of WNYW a/k/a Fox 5, WWOR a/k/a the My9 Channel, WTXF a/k/a Fox 29, and again began delivering to Cablevision the signals of Fox Business Network, National Geographic Wild, and Fox Deportes.

7. Cablevision respectfully submits that, to the extent paragraph 7 contains argumentative and hyperbolic characterizations of events rather than factual allegations, no response is necessary. Notwithstanding that, Cablevision denies the allegations of paragraph 7 of the Complaint and refers to the message cited therein for the contents thereof.

## AS TO "JURISDICTION"

8. Cablevision respectfully submits that paragraph 8 of the Complaint states a legal conclusion to which no response is necessary. Notwithstanding that, Cablevision denies the allegations of paragraph 8 of the Complaint, except admits that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statute cited therein.

9. Cablevision respectfully submits that paragraph 9 of the Complaint states a legal conclusion to which no response is necessary. Notwithstanding that, Cablevision admits that it was subject to personal jurisdiction in the Eastern District of New York at the time this action was commenced, and that venue is proper in the Eastern District of New York.

## AS TO "PARTIES"

10. Cablevision states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 of the Complaint.

11. Cablevision states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11 of the Complaint.

12. Cablevision states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 of the Complaint.

13. Cablevision states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 of the Complaint.

14. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 14 of the Complaint set forth a statement of Plaintiffs' intentions regarding a future request for class certification, no response is necessary. To the extent a response is required, Cablevision denies that it engaged in a "blackout of the Fox Channels," and denies that this action is properly maintained as a class action.

15. Cablevision denies the allegations of paragraph 15 of the Complaint, except admits that Cablevision Systems was formed under the laws of the State of Delaware and has its headquarters at 1111 Stewart Avenue, Bethpage, New York 11714. Cablevision refers to its public filings for a description of its business.

16. Cablevision denies the allegations of paragraph 16 of the Complaint, except admits that CSC Holdings, LLC was formed under the laws of the State of Delaware and has its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and that CSC Holdings, LLC's outstanding common stock is owned by Cablevision Systems. Cablevision refers to its public filings for a description of its business.

AS TO "BACKGROUND FACTS"

17. Cablevision denies the allegations of paragraph 17 of the Complaint.

18. Cablevision denies the allegations of paragraph 18 of the Complaint, except admits that certain agreements with subsidiaries of News Corp. relevant to this lawsuit expired on October 15, 2010.

19. Cablevision states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 of the Complaint, insofar as those allegations purport to attribute statements to News Corp.

20. Cablevision denies the allegations of paragraph 20 of the Complaint and refers to the document quoted therein for the full and complete terms thereof.

21. Cablevision denies the allegations of paragraph 21 of the Complaint.

22. Cablevision denies the allegations of paragraph 22 of the Complaint and refers to the document quoted therein for the full and complete terms thereof.

23. Cablevision denies the allegations of paragraph 23 of the Complaint and refers to the document quoted therein for its full and complete contents.

24. Cablevision denies the allegations of paragraph 24 of the Complaint except admits that, from October 16, 2010 to October 30, 2010, it did not have the necessary permission to retransmit the so-called "Fox Channels" to certain of its subscribers.

25. Cablevision states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 of the Complaint.

26. Cablevision denies the allegations of paragraph 26 of the Complaint, except admits that as of October 30, 2010, News Corp. again allowed Cablevision to retransmit, under federal law, the broadcast signals of WNYW a/k/a Fox 5, WWOR a/k/a the My9 Channel, WTXF a/k/a Fox 29, and again began delivering to Cablevision the signals of Fox Business Network, National Geographic Wild, and Fox Deportes, and Cablevision admits that on October 31, 2010, the New York Jets and the Green Bay Packers played each other in a professional football game.

27. Cablevision denies the allegations of paragraph 27 of the Complaint.

28. Cablevision denies the allegations of paragraph 28 of the Complaint, except admits that Cablevision offered a $10 credit to customers who signed up to watch the 2010 World Series on MLB.com or MLB.tv.

29. Cablevision denies the allegations of paragraph 29 of the Complaint.

30. Cablevision denies the allegations of paragraph 30 of the Complaint.

AS TO "CLASS ACTION ALLEGATIONS"

31. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 31 of the Complaint summarize Plaintiff's legal position, no response is necessary. Notwithstanding that, Cablevision admits that Plaintiffs purport to bring a class action as described therein, and denies that this action is properly maintainable as a class action.

32. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 32 of the Complaint summarize Plaintiff's legal position, no response is necessary. Notwithstanding that, Cablevision notes that no class has been certified in this case, and denies that this action is properly maintainable as a class action.

33. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 33 of the Complaint summarize Plaintiff's legal position, no response is necessary. Notwithstanding that, Cablevision states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 of the Complaint.

34. Cablevision denies the allegations of paragraph 34 of the Complaint.

35. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 35 of the Complaint state legal conclusions, no response is necessary. Notwithstanding that, Cablevision denies the allegations of paragraph 35 of the Complaint.

36. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 36 of the Complaint state legal conclusions, no response is necessary. Notwithstanding that, Cablevision denies the allegations of paragraph 36 of the Complaint.

37. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 37 of the Complaint and all subparagraphs thereto state a legal conclusion, no response is necessary. Notwithstanding that, Cablevision denies the allegations of paragraph 37 of the Complaint.

38. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 38 of the Complaint state a legal conclusion, no response is necessary. Notwithstanding that, Cablevision denies the allegations of paragraph 38 of the Complaint.

39. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 39 of the Complaint state a legal conclusion, no response is necessary. Notwithstanding that, Cablevision denies the allegations of paragraph 39 of the Complaint.

40. Cablevision states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 40 of the Complaint.

41. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 41 of the Complaint and all subparagraphs thereto state legal conclusions, no response is necessary. Notwithstanding that, Cablevision denies the allegations of paragraph 41 of the Complaint.

42. Cablevision respectfully submits that, to the extent the allegations contained in paragraph 42 of the Complaint state legal conclusions, no response is necessary. Notwithstanding that, Cablevision denies the allegations of paragraph 42 of the Complaint.

43. Cablevision states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43 of the Complaint.

## AS FOR "AS AND FOR A FIRST CAUSE OF ACTION"

44. Cablevision repeats and realleges its previous responses as if fully set forth herein.

45. Cablevision denies the allegations of paragraph 45 of the Complaint.

46. Cablevision denies the allegations of paragraph 46 of the Complaint.

47. Cablevision denies the allegations of paragraph 47 of the Complaint.

48. Cablevision denies that Plaintiffs and members of the putative class are entitled to any relief.

## AS TO "JURY DEMAND"

The unnumbered paragraph purports to request a jury trial and as such does not require a response.

## AFFIRMATIVE DEFENSES

As further, separate, and Affirmative Defenses, without assuming the burden of proof for these defenses that would otherwise rest with Plaintiffs, Cablevision states as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of damages or costs and attorneys' fees can be granted.

## THIRD AFFIRMATIVE DEFENSE

Cablevision did not breach any contract with Plaintiffs or members of the putative class.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint asserts claims that are preempted by the applicable regulatory framework, including federal and state statutes and regulations.

FIFTH AFFIRMATIVE DEFENSE

Any alleged act or omission by Cablevision was due at least in part from circumstances beyond Cablevision's reasonable control.

SIXTH AFFIRMATIVE DEFENSE

Any alleged damages claimed by Plaintiffs and members of the putative class were the result of intervening or superseding events, acts, or omissions of other parties over which Cablevision had no control and for which Cablevision cannot be held liable.

SEVENTH AFFIRMATIVE DEFENSE

The Complaint asserts claims that are barred in whole or in part by the applicable statutes of limitations and/or repose, and the doctrines of laches, waiver, estoppels, *in pari delicto*, unclean hands, or other related equitable doctrines.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs and the members of the putative class have failed to mitigate, reduce, or otherwise avoid damages, if any.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs and the members of the putative class are not entitled to a rebate, refund, or credit, attorneys' fees, experts' fees, or other costs and disbursements.

TENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are not properly maintainable as a class action.

ELEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint include questions of law or fact that are not common to the putative class.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are not typical of those of the members of the putative class.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs will not fairly and adequately protect the interests of the members of the putative class.

<u>ADDITIONAL AFFIRMATIVE DEFENSES</u>

Cablevision hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during pre-trial or trial proceedings in this action and hereby reserves its rights to amend this Answer and assert all such defenses.  Cablevision also reserves the right to rely on and/or assert any affirmative defenses asserted by any other party to this action.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Cablevision respectfully requests that the Court deny the relief Plaintiffs requested in their Complaint and enter judgment dismissing the Complaint with prejudice, and awarding Cablevision such other and further relief as this Court shall deem just and proper.

Dated: May 2, 2012
New York, New York

WILLKIE FARR & GALLAGHER LLP

By: /s/ Thomas H. Golden
Thomas H. Golden

787 Seventh Avenue
New York, NY 10019
(212) 728-8000
tgolden@willkie.com

*Attorneys for Defendants Cablevision Systems Corporation and CSC Holdings, LLC*

7680120