# CHITWOOD HARLEY HARNES LLP

2300 Promenade II
1230 Peachtree Street NE
Atlanta, Georgia 30309
404.873.3900

1350 Broadway
Suite 908
New York, New York 10018
917.595.4600

www.chitwoodlaw.com
Fax 404.876.4476

Carol S. Shahmoon
917-595-4600
cshahmoon@chitwoodlaw.com
Admitted in NY

November 14, 2012

*Via ECF*

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

Re: *In re Cablevision Consumer Litig.*,
E.D.N.Y., No. 10-cv-04992 (JS)(AKT)

Dear Judge Tomlinson:

Plaintiffs move pursuant to Paragraph 6(d) of the Confidentiality Stipulation and Order to remove the "Confidential" or "Highly Confidential" designations placed by Defendants on two documents produced by Defendants during discovery. Plaintiffs intend to use the documents that are the subject of this motion in support of their summary judgment motion, and seek an order de-designating the subject documents, because there is no legal basis to maintain them as confidential and neither the Plaintiffs nor the Court should be required to pursue the burdensome and cumbersome sealing procedures when the summary judgment motion is filed.

Under Paragraph 6(a) of the Confidentiality Stipulation, Plaintiffs gave notice to Defendants on October 30, 2012 of their objection to the confidential designations. A copy of the letter is attached as Exhibit A. The parties had ten business days to attempt informally to resolve the dispute, but were not able to resolve the dispute as to two of the three documents. Consequently, Plaintiffs are filing this motion under Paragraph 6(d) to de-designate those documents. The Confidentiality Agreement maintains the legal requirement that the designating party has the burden of establishing the material is entitled to protection from disclosure.

The challenged documents, which Plaintiffs will enclose with a hard copy of this letter to the Court for in camera review but not file via ECF, are as follows:

- Email chain among Cablevision executives Jim Maiella, Charlie Schueler and Lee Schroeder, dated October 27, 2010 through October 29, 2010, Bates stamped CSC00033664; and

- Email chain among Cablevision executives Jim Maiella, Charlie Schueler and Lee Schroeder, dated October 27, 2010, Bates stamped CSC00030186.

The controlling case law strongly supports de-designating these documents in connection with Plaintiffs' summary judgment motion: "documents submitted to a court for its consideration in a summary judgment motion are as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *see also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons"). The rationale for requiring public disclsoure of evidentiary documents in connection with a summary judgment motion is that "[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Id.*

Given the presumption of access, Cablevision must establish "good cause" – that "a 'clearly defined and serious injury' ... would result from disclosure of the document." *King Pharmaceuticals, Inc. v. Eon Labs, Inc.*, No. 04-CV-5540, 2010 WL 3924689, at *2 (E.D.N.Y. Sept. 28, 2010) (citations omitted). And under these circumstances, "'a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need' for the request." *Id.* at *4 (citations omitted).

Cablevision has provided no compelling reason sufficient to rebut the strong presumption of public access to court documents. Vague and conclusory allegations of competitive harm will not suffice; instead a litigant must make a specific, substantiated demonstration of very serious injury. *Id.* at *7; *id.* at *9 ("generalized concern of adverse publicity" not sufficient to overcome the presumption). Confidential business information encompasses "something beyond the mere fact that the particular datum has not previously been made available to the public." *Id.* at *6.

In *King Pharmaceuticals*, this Court ordered the unsealing of documents containing communications with the FDA; business and marketing information; and research and technical information. The court held that documents providing insight into internal decision-making do not warrant confidentiality protection, if the designating party does not show specifically how competitors could gain economic value from the information. *Id.* at *11 (competitive harm is not simply injury from "embarassing publicity"); *see also Mariano v. LA Fitness, Inc.*, No. CV 09-1395(LDW)(ETB), 2010 WL 1459383, at *2 (E.D.N.Y. Apr. 13, 2010) (public's interest to access and court's own interest in allowing it far outweigh "generalized concern of negative reaction on his business dealings from the instant lawsuit"); *Nycomed US, Inc. v. Gelnmark Generics, Inc.*, No. 08-CV-5023, 2010 WL 889799, at *6 (E.D.N.Y. Mar. 8, 2010) ("natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public ... cannot be accommodated by the courts without seriously undermining the tradition of an open judicial system") (citations omitted); *cf. Faber v. County of Suffolk*, Nov. 09-3255, 2009 WL 4730204, at *2 (E.D.N.Y. Dec. 1, 2009) (unsupported assertion that daughter who is no longer a minor would suffer "stigmatism" if the case were unsealed is insufficient to establish "good cause" that would justify maintaining seal). As in *King Pharmaceuticals*, Cablevision cannot show that the designated documents, if publicly disclosed, would allow its competitors to gain an economic advantage.

Accordingly, Plaintiffs request that the Court order that "confidential" or "highly confidential" designation of the subject documents be removed, and that the documents may be filed with the Court in connection with any motion practice without the need for any application to file under seal.

Sincerely,

_/s/ Carol S. Shamoon_
Carol S. Shahmoon

CSS/dmd

cc: Counsel for parties (by ECF)

# EXHIBIT A

# CHITWOOD HARLEY HARNES LLP

2300 Promenade II
1230 Peachtree Street NE
Atlanta, Georgia 30309
404.873.3900

1350 Broadway
Suite 908
New York, New York 10018
917.595.4600

www.chitwoodlaw.com
Fax 404.876.4476

Carol S. Shahmoon
917-595-4604
cshahmoon@chitwoodlaw.com
Admitted in NY

October 30, 2012

Via FedEx and Email

Mr. Thomas H. Golden
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
tgolden@willkie.com

Re: *In re Cablevision Consumer Litig.* (E.D.N.Y., No. 10-cv-04992)

Dear Tom:

In accordance with the Stipulated Confidentiality Agreement [Doc. # 43-1] filed with the Court on behalf the parties on April 29, 2011 and "so ordered" by Magistrate Judge Tomlinson, we hereby give notice that we disagree with Cablevision's designation of the following items as Confidential or Highly Confidential:

- Cablevision's Responses and Objections to Plaintiffs' First Set of Interrogatories dated September 2, 2011;

- Email chain among Cablevision executives Jim Maiella, Charlie Schueler and Lee Schroeder, dated October 27, 2010 through October 29, 2010, Bates stamped CSC00033664; and

- Email chain among Cablevision executives Jim Maiella, Charlie Schueler and Lee Schroeder, dated October 27, 2010, Bates stamped CSC00030186.

These documents are referred to in our statement of undisputed fact for the summary judgment motion to be filed on November 19, 2012, pursuant to the briefing schedule set by Judge Seybert's minute Order entered on October 19, 2012 [Doc. # 67]. Because the items you have designated confidential will be used in our summary judgment motion, those items will be treated as "judicial documents" carrying the highest presumption of public access, which should not remain under seal absent the most compelling reasons. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 122-23 (2d Cir. 2006); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (adjudication is "formal act of government, the basis of which should, absent *exceptional circumstances*, be subject to public scrutiny") (emphasis added); *U.S. v. Amodeo*, 71 F.3d 1044, 1049-50 (2d Cir. 1995); *cf. Faber v. County of Suffolk*, Nov. 09-3255, 2009 WL 4730204 (E.D.N.Y. Dec. 1, 2009); *Mariano v. LA Fitness, Inc.*, No. CV 09-1395, 2010 WL 1459383, at *2 (E.D.N.Y. Apr. 13, 2010).

We do not believe there is any compelling reason for the court to seal these documents and can conceive of no defensible basis for your confidentiality designations on those documents. Moreover, we seek to avoid the unnecessary and cumbersome procedures that will be required if the confidentiality designation on these documents is maintained. While Rule 26(c)(1) permits a court to seal documents containing trade secrets, Cablevision must make a specific showing that the disclosure would result in injury sufficient to warrant protection – not broad, conclusory allegations of harm. *See, e.g., King Pharmaceuticals, Inc. v. Eon Labs, Inc.*, No. 4-CV-5540, 2010 WL 3924689, a *6-*7(E.D.N.Y. Sept. 28, 2010) *Nycomed US, Inc. v. Glenmark Generics, Inc.*, No. 08-CV-5023, 2010 WL 889799, at *6 (E.D.N.Y. Mar. 8, 2010). Shielding information simply because it has not been previously made public or because it may result in publicity is not a basis for trade secret protection. *Id.* at *5 - *6.

Pursuant to Section 6(d) of the Stipulated Confidentiality Agreement, we will meet and confer with you on this issue, but if we cannot resolve it promptly we will seek a ruling from the Court. We look forward to speaking with you at your earliest convenience.

Sincerely yours,

Carol S. Shahmoon  *signed with express permission by Donna M. Douglas*

Carol S. Shahmoon

CSS/dmd