# WILLKIE FARR & GALLAGHER LLP

THOMAS H. GOLDEN
212 728 8657
tgolden@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax:  212 728 8111

November 19, 2012

**VIA ECF**

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

Re: *In re Cablevision Consumer Litig.*, (No. 10-CV-4992 (JS)(AKT))

Dear Judge Tomlinson:

We represent the Defendants in the above-referenced action, in which Plaintiffs seek recovery on a breach of contract theory for damages supposedly flowing from Cablevision's inability to carry certain Fox channels during a two-week period in October 2010. We write in response to the November 14, 2012 letter motion (the "Motion") from Plaintiffs' counsel seeking to "remove the 'Confidential' or 'Highly Confidential' designations"[1] on two documents produced by Defendants. We respectfully submit that good cause exists for these documents to remain as designated. Defendants compete with numerous other cable or satellite television providers, and the disclosure of the two documents would reveal public relations strategies, business plans, and other proprietary material that could harm Defendants' competitive position.

As the Supreme Court has stated, the public right of access to materials may not extend to, among other things, "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, courts consistently protect documents similar to those at issue here from disclosure. *See, e.g., The Bank of New York & JCPL Leasing Corp., v. Meriden Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (noting the "broad spectrum of internal corporate documents that courts regularly hold to be confidential, business information"); *In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 355 (S.D.N.Y. 1996) ("The courts have long recognized the protection of trade secrets as an important interest underlying confidentiality."); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981) ("it is clear that a court may issue a protective order restricting disclosure of discovery materials to protect a party from being put at a competitive disadvantage").

---

[1]  The two documents at issue are both designated as "Highly Confidential."

The Honorable A. Kathleen Tomlinson
November 19, 2012
Page 2

Plaintiffs' Motion concerns two email communications regarding certain internal, strategic proposals regarding Cablevision's handling interactions with public officials and subscribers during the time Fox refused to make certain channels available to Cablevision subscribers. The public revelation of these emails would risk specific, serious competitive injury to Cablevision. The emails provide insight into Cablevision's internal tactical discussions regarding Fox's decision to withhold consent for Cablevision's carriage of the disputed channels while News Corp. and Cablevision negotiated a new retransmission fee agreement. Disputes regarding such fees have become more common in recent years—Plaintiffs' own Second Amended Complaint admits that a similar dispute between News Corp. and Dish Network occurred in October 2010 as well—and Cablevision's internal deliberations regarding what to communicate to public officials and its subscribers could give Cablevision's competitors a key insight into how Cablevision responds to, and manages, such a dispute. Indeed, the disputed documents can be analogized to an internal Cablevision manual regarding how to respond to a fee dispute. Courts have protected similar material from disclosure. *See, e.g., The Bank of New York & JCPL Leasing Corp., v. Meriden Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (protecting internal practice manuals); *Standard Inv. Chartered, Inc. v. National Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *13 (S.D.N.Y. Jan. 22, 2008) (granting a protective order concerning documents that "contain information that, if disclosed, would reveal the organization's business and negotiation strategies"); *Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.*, 1994 WL 177795, at *1 (S.D.N.Y. May 5, 1994) (granting a protective order to protect "contracts, proposals, negotiations or arrangements" with customers, "current or future strategic and marketing plans or proposals or financial projections," and "proprietary market research or analysis").

In short, there is a risk that Cablevision's competitors will gain an economic advantage if the documents at issue here are made public. Plaintiffs' Motion should therefore be denied.

Respectfully submitted,

Thomas H. Golden

cc: Plaintiffs' Counsel (via ECF)

8682700.3