UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THEODORE PEARLMAN and MARC TELL,
Individually and on behalf of all others similarly
situated,

                             Plaintiffs,                                      **ORDER**

             - against -                                      CV 10-4992 (JS) (AKT)

CABLEVISION SYSTEMS CORPORATION,

                             Defendant.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Counsel for the plaintiffs in this consolidated breach of contract action has filed a Letter Motion [DE 70] to remove the "Highly Confidential" designations placed by Defendants on two documents in accordance with the parties' "Stipulated Confidentiality Agreement and Protective Order" [DE 43-2]. Plaintiffs' counsel notes that the plaintiffs intend to use the documents in support of their motion for summary judgment. Defendants oppose the Motion. *See* DE 72. For the reasons outlined below, plaintiffs' Letter Motion is DENIED.

       The documents at issue are: (1) an e-mail chain between Cablevision executives Jim Maiella, Charlie Schueler and Lee Schroeder, dated October 27, 2010 through October 29, 2010, Bates stamped CSC00033664; and (2) an e-mail chain among Cablevision executives Jim Maiella, Charlie Schueler and Lee Schroeder, dated October 27, 2010, Bates stamped CSC00030186. Pursuant to the parties' Stipulated Confidentiality Agreement Stipulation and Protective Order (the "Agreement"), which was "So Ordered" by the Court on May 2, 2011, the defendants designated these two e-mail chains "Highly Confidential."

Plaintiffs argue that the "Highly Confidential" designations should be removed because there is no legal basis to maintain the documents as confidential. DE 70. Plaintiffs also state that since they plan to use these documents in support of their motion for summary judgment, neither plaintiffs nor the Court should be required to pursue the "burdensome and cumbersome" sealing procedures when the summary judgment motion is filed. *Id.* Defendants argue that the documents are correctly designated "Highly Confidential" because their disclosure would reveal public relations strategies, business plans, and other proprietary material that could harm defendants' competitive position. DE 72.

The Court has reviewed the documents at issue and finds that the "Highly Confidential" designations should remain. First, as defendants note, the public right of access to materials may not extend to, among other things, "sources of business information that might harm a litigant's competitive standing." DE 70 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)). The documents in dispute should not be disclosed because (1) they contain internal, strategic proposals regarding the manner in which Cablevision handles interactions with public officials and subscribers and (2) they provide insight into Cablevision's internal tactical discussions. *See Standard Inv. Chartered, Inc. v. National Ass'n of Sec. Dealers, Inc.*, No. 07 Cv.2014, 2008 WL 199537 (S.D.N.Y. Jan. 2, 2008) (granting a protective order for documents that "contain information that, if disclosed, would reveal the organization's business and negotiation strategies"); *see also Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.*, No. 93 CIV 6350, 1994 WL 177795 (S.D.N.Y. May 5, 1994) (granting a protective order to protect "contracts, proposals, negotiations or arrangements" with customers, "current or future strategic and marketing plans or proposals or financial projections," and "proprietary market research or analysis").

Further, the documents were correctly designated as "Highly Confidential" under the parties' Agreement, which defines "Highly Confidential" information in relevant part as:

> "information that is particularly sensitive because it relates to business, technical, financial or personal data … that relate to proprietary information that the designating party reasonably believes derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure and is of such nature and character that the unauthorized disclosure of such information could irreparably injure the designating party."

DE 43-2 ¶ 1(b), ¶ 2. Because the documents contain internal, strategic proposals, the release of which could irreparably harm the defendants, counsel for the defendants correctly designated the documents at issue as "Highly Confidential" under the terms of the Agreement.

Finally, the Court disagrees with the argument that filing the documents under seal with the defendants' summary judgment motion would be "burdensome and cumbersome" for both the Court and the plaintiffs. At most, the disputed documents consist of two exhibits. The Court does not find the potential filing of these exhibits under seal particularly burdensome or cumbersome for either the plaintiffs or the Court.

Based on the foregoing information, Plaintiffs' Letter Motion to remove the "Highly Confidential" designation is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
November 28, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge