| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON            DATE:   5-5-2014
          U.S. MAGISTRATE JUDGE             TIME:   11:14 a.m. (22 minutes)

*In re Cablevision Consumer Litigation*
**(Pearlman et al v. Cablevision Systems Corporation)**
Master File No. CV 10-4992 (JS) (AKT)

TYPE OF CONFERENCE:        **DISCOVERY STATUS CONFERENCE**

APPEARANCES:   Plaintiff    Ralph M. Stone
                            Carol Shahmoon

               Defendant    Thomas H. Golden

FTR:   11:14- 11:36

**THE FOLLOWING RULINGS WERE MADE:**

1.  The Court first addressed the request by plaintiffs' counsel in the Discovery Status Report that all fact and expert discovery – except that which may be necessary for class notice – be stayed pending class notification and plaintiffs' renewal of their motion for partial summary judgment. I advised counsel that I had conferred on this issue with Judge Seybert and that neither of us believes discovery should be stayed. That application is therefore denied.

    I also spent time with counsel today reviewing what pre-trial tasks need to be completed (and the order in which those tasks are completed) in order to make this case trial ready. According to the parties, there is little if any fact discovery to be completed. Defendant's counsel stated that the plaintiffs have not articulated a damages theory and, depending on what that theory is, counsel may need some additional fact discovery. I reminded counsel that they have an ongoing obligation under Rule 26(a) to supplement their Initial Disclosures as the case progresses. Here, damages categories and calculations were specifically called for in those Disclosures.

    Plaintiff's counsel stated today that plaintiffs assert they are entitled to pro rata credit on their monthly bill. Counsel added that the definition of that pro rata credit is up to the Court to determine in the end. Defendant's counsel takes the position that this results in a windfall to the plaintiffs.

2.  Defendants expect to introduce two experts, one on industry norms regarding programming and service interruption and another on damages. Plaintiffs do not intend to retain any experts for their case-in-chief, but rather will be providing an expert for rebuttal.

**FINAL SCHEDULING ORDER**:

- Deadline to serve expert report(s) and all expert disclosures required under Rule 26 for any party utilizing an expert in its case-in-chief:                                                      July 7, 2014

- Deadline to serve rebuttal expert report(s) and expert disclosures:  September 8, 2014

- All expert depositions must be completed by:  September 30, 2014

- Any letter request for a pre-motion conference to Judge Seybert for purposes of making a summary judgment motion must be filed by:  October 24, 2014[1]

- Proposed Joint Pre-Trial Order must be filed on ECF by:  November 4, 2014

- <u>Pre-Trial Conference will be held on</u>:  November 12, 2014 at 11 a.m.

**SO ORDERED**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

---

[1] Plaintiffs' counsel spent time discussing their desire to re-file a motion for partial summary judgment. In her recent decision, Judge Seybert advised plaintiffs that they could renew their motion. However, the timing is at issue here. Defendant does not believe that such a motion should proceed until after expert discovery is concluded since defendant's counsel believes that some of the information gained in expert discovery will be utilized in the summary judgment setting. I informed counsel today that since there is disagreement, plaintiffs' counsel must file a letter request to Judge Seybert seeking permission to proceed with a renewed partial summary judgment motion prior to the completion of expert discovery and should make it clear that defendant's counsel is opposed. Defendant's counsel can file a responsive letter to Judge Seybert.