# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

| Joseph Serino, Jr., P.C. | | |
|---|---|---|
| To Call Writer Directly: | (212) 446-4800 | Facsimile: |
| (212) 446-4913 | | (212) 446-4900 |
| joseph.serino@kirkland.com | www.kirkland.com | |

July 16, 2014

**Via ECF Filing**

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY  11722-4438

Re:   *In re Cablevision Consumer Litigation*, Master File No. 10-cv-4992 (JS) (AKT)

Dear Magistrate Judge Tomlinson:

This office will be replacing Willkie Farr & Gallagher LLP as counsel for Defendants in this matter.  I called Your Honor's Courtroom Deputy today with a scheduling question but was transferred to Your Honor's Law Clerk.  I explained that my question related to the expert report deadlines in Your Honor's civil conference minute order of May 5, 2014 ("Order"), and I was directed to memorialize my question, and any requested modification, in this e-filed letter.

Plaintiffs' counsel has advised that it intends to submit both liability and damages expert reports, as do Defendants.  So my question was whether the Order contemplates an exchange of all four reports on July 18 (that date was changed from July 7 per the Court's Minute Order of May 29) and four more "rebuttal" reports on September 11?  Or, was the intent to have Plaintiff, as the party with the burden of proof on liability and damages, submit its reports on July 18, with Defendants submitting their responding reports on September 11?  I have raised this issue with Mr. Ralph M. Stone, counsel for Plaintiffs, and he has indicated that his understanding of the Order is the former.

Finally, if the intent of the Order is to have four reports exchanged on each of July 18 and September 11, respectively, then Defendants request a slight modification of the Order that will not result in any schedule delay.  Defendants respectfully request that Plaintiffs, as the party with the burden of proof, be directed to serve their expert reports on July 18, and Defendants be directed to serve their responding expert reports on September 11.  Alternatively, Plaintiffs could serve their reports on July 18, Defendants could serve their responding reports on August 18 (or any other date acceptable to Your Honor), and Plaintiffs could serve any "rebuttal" reports on September 11.  Neither approach results in any schedule slippage, as all expert reports would be submitted by September 11, just as in the current schedule.

**KIRKLAND & ELLIS LLP**

The Honorable A. Kathleen Tomlinson
July 16, 2014
Page 2

  The first approach reduces the total number of reports from 8 to 4, while the alternative approach reduces the number from 8 to 6. More fundamentally, either approach would—unlike two simultaneous exchanges of four reports—allow for a disclosure of expert testimony that mirrors the way that testimony will be presented at trial. On the issue of damages, for example, at trial the Plaintiffs (as the party bearing the burden of proof on damages) will present their damages expert first, in their case-in-chief. The Defendants will then present their damages expert in their case-in-chief to respond to Plaintiffs' damages evidence, including Plaintiffs' damages expert. It is possible that the Plaintiffs may seek to recall their damages expert during a rebuttal case to rebut Defendants' damages expert. However, if the parties exchange simultaneous damages reports on July 18, Defendants' report will necessarily not be able to respond to Plaintiffs' damages expert disclosure, as that will be disclosed simultaneously. Thus, Defendants' "opening expert report" will necessarily not disclose all of the expert testimony that Defendants would anticipate presenting during their case-in-chief. And if the parties then exchange simultaneous "rebuttal" damages expert reports on September 11, the Plaintiffs will necessarily not be able to rebut Defendants' expert's response to their own damages case in that report, as that response would be disclosed simultaneously. By contrast, the slight modification suggested above would allow for the comprehensive disclosure of the expert testimony to be presented at trial in the same sequence and with the same substance as the testimony actually would be adduced at trial.

  All parties' counsel are available for a short telephonic conference on Thursday, July 17 if the Court would find such useful.

                  Respectfully submitted,

                  */s/ Joseph Serino, Jr., P.C.*
                  Joseph Serino, Jr., P.C.

                  *Attorney for Defendants Cablevision Systems Corporation and CSC Holdings, LLC*

cc:  Thomas Golden, Esq. (via ECF)
    Counsel for Plaintiffs (via ECF)