UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Cablevision Consumer Litigation<br><br>This document relates to:<br><br>All Actions | Master File No. 10-CV-4992 (JS) (AKT) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF DISTRIBUTION AND PUBLICATION OF CLASS NOTICE**

## INTRODUCTION

Plaintiffs respectfully submit this memorandum of law in support of their motion seeking approval of the distribution and publication of class notice (the "Motion").

## FACTUAL BACKGROUND

In a March 31, 2014 Order (the "Order"), this Court granted class certification in this case, and directed the parties to submit a form of class notice to be approved by the Court by May 30, 2014. The parties complied with the Order by moving this Court to approve a mutually-agreed upon form of notice [Dkt. No. 116], which the Court approved on June 4, 2014.[1] [Dkt. No. 118] At that time, the parties were conferring on the appropriate method for disseminating the notice and Plaintiffs indicated that a motion as to that method would be filed thereafter. [Dkt. No. [116] In the interim, the parties have conferred, and the parties concluded that the best method practicable would be to provide the notice in bill inserts to current customers, using the same method for dissemination as that used to distribute monthly bills and to provide former customers with publication notice, in national and local newspapers.

## ARGUMENT

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "No rigid standards govern the contents of notice to class members" other than the fairness contemplated by the Supreme Court. *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982). Federal Rules of Civil Procedure Rule 23(c)(2) governs the method of class notice distribution,

---

[1] After the Court approved the Notice, the parties identified that certain dates relating to events in 2010 were identified with the wrong year. These minor errors are corrected in the notice annexed hereto as Exhibit A.

and requires "only that 'each class member who can be identified through *reasonable effort* be notified.'" *Id.* at 71. Courts have approved class notice plans that are "extensive, multifaceted, and innovative." *Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2006 WL 3826714, at *8 (N.D. Cal. Dec. 27, 2006). The parties' mutually-agreed upon class notice plan via regular mail, email, and publication demonstrates a reasonably sufficient effort to satisfy these characteristics.

I.   **Notice In Bill Insert Delivered In Accordance With Usual Distribution Practices For Current Customers Is Appropriate Individual Notice**

When the defendant already has an established periodic communication with potential class members, like monthly billing statements, courts permit class notice as an attachment or addenda to that communication. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 364 n. 22 (1978) ("a number of courts have required defendants in Rule 23(b)(3) class actions to enclose class notices in their own periodic mailings to class members . . . "); WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 8:28 (5th ed. 2014) ("notice can be included in a mailing that is scheduled to be sent to class members as part of their regular dealings with the defendant—such as a monthly bill sent by the defendant to putative class members."); *Gates v. Dalton*, 67 F.R.D. 621, 633 (E.D.N.Y. 1975) (plaintiff can rely on the defendant's "established lines of communication" to send notice to the class); *Popkin v. Wheelabrator-Frye, Inc.*, No. 72 Civ. 3354, 1975 WL 384, at *5 (S.D.N.Y. Apr. 11, 1975) (citing as an example notice by public utility corporation which regularly sends monthly bills to its current customers in a class action for overcharging those customers and to compel a refund); *Ste. Marie v. Eastern R.R. Ass'n*, 72 F.R.D. 443, 450 at n.2 (S.D.N.Y. 1976), (indicating that class notice in a gender discrimination claim can be given by placing such notice in the pay envelopes of each female employee).

Monthly billing statements offer one of the most regular and established forms of communication between a company like Cablevision and its customers. Class notice via bill

insert is not only efficient, but reasonably calculated to inform potential class members, who regularly receive billing statements, of their rights concerning the pending class action.

Some of Cablevision's subscribers who are class members have opted not to receive paper billing statements by regular mail, and instead to receive an electronic bill. For these individuals, it would be appropriate to have them receive their class notice by electronic means as well. Email is an acceptable form of individual class notice when class members who will receive and read the email are familiar with this form of communication and have selected this method, rather than paper mailings, for their bills. *Farinella v. Paypal, Inc.*, 611 F.Supp. 2d 250, 257 and n.10 (E.D.N.Y. 2009) (permitting email and website notice, in a case in which defendants' interactions with class members have been exclusively or predominantly via electronic means); *Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2006 WL 3826714, at *8 (N.D. Cal. Dec. 27, 2006) (approving a proposed class notice plan including email notice as "particularly suitable in this case" because the parties previously communicated via email); *Cohorst v. BRE Properties, Inc.*, No. 3:10-cv-2666, 2011 WL 7061923, at *6 (S.D. Cal. Nov. 14, 2011) (approving email and publication notice as best notice practicable under the circumstances); *Steinfeld v. Discover Financial Services*, No. C 12-01118, 2014 WL 1309352, at *4 (N.D. Cal. Mar. 31, 2014) (permitting email notice, with follow up for "undeliverable" emails, by regular mail); *In re Airline Ticket Comm'n Antitrust Litig.*, 953 F.Supp. 280, 282 at n.2 (D.Minn. 1997) (approving adequacy of notice, in a case in which such "notice was provided electronically to the class" in travel industry, because that business was predominantly conducted by electronic network). Thus, the Plaintiffs' proposed distribution of class notice via email attaching a PDF copy of the notice, to customers who normally receive their monthly bills via email is consistent with the case law on appropriate means of notice.

4

## II.     Publication Notice Is Appropriate Method Of Notice For Former Subscribers

Courts have also permitted notice to potential class members through publication when the contact information of those class members could not be readily identified through "reasonable effort." *See*, *e.g.*, *Weinberger v. Kendrick*, 698 F.2d at 71 (approving the proposed class notice plan, which included publication in the *Wall Street Journal* when individual mailings would have been inadequate due to difficulty of finding all class members); *Jermyn v. Best Buy Stores, L.P.*, No. 08 CIV. 00214(CM), 2010 WL 5187746, at *3, *5 (S.D.N.Y. Dec. 6, 2010) (approving a class notice plan that did not include individual notice to any class members, because such notice was not feasible and thus, publication notice was the only method for information class members of the action); WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 8:29 (5th ed. 2014).

The Second Circuit has approved publication as a method of class notice when it is part of a concerted effort to notify potential class members. *See Weinberger v. Kendrick*, 698 F.2d at 71. As part of their effort to notify other class members of the securities class action, the *Weinberger* class notice plan included individual mailings and publication. *Id*. at 71. Publication was intended to notify class members whose last known addresses were inadequate because they had changed since the events at issue in the litigation. "[T]he manner of giving notice is committed to the sound discretion of the court.'" *Id*. at 71 (quoting 3B Moore's Federal Practice ¶ 23.80[3], at 25-513 (1982)).  Similarly, in *Jermyn*, the court permitted publication notice, but required that the selected publications have readerships that match the target audience of potential class members. *Id*. at *5 (requiring publication in newspapers that had readerships extended throughout the state rather than only in NYC); *see also* WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 8:29 (5th ed. 2014) (scope of publication notice should match

scope of class). Here, following consultation with their claim administrator, Gilardi & Co. LLC, Plaintiffs propose to publish the class notice in *New York Times*, *Newsday*, *Star-Ledger*, *Home News*, *New Haven Register*, *Stamford Advocate* and *Gannett Journal News*, which broadly covers the target class members, by relying on both national and regional newspapers.

Moreover, Cablevision has indicated in meet and confer calls with Plaintiffs' counsel that it cannot reasonably notify former customers of the present class action via regular mail or email, due to the likelihood that a substantial number of those individuals have moved.[2] Thus, the proposed class notice plan allowing for publication notice via national and local newspapers in the four affected states is the most feasible and reasonable method of notice to former customers. As explained in *Jermyn*, "[d]ue process is satisfied even if all class members do not receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform the persons affected." *Id*. at *3. In this regard, a proposed form of summary notice for publication is also respectfully submitted as Exhibit B hereto for the Court's consideration and approval. This abbreviated notice is more likely to be read than a denser notice, which will be available online for those seeking further information. The parties' proposal to utilize publication notice for former customers, and provide individual notice via regular mail and email is eminently reasonable and the best notice practicable under the circumstances.

## **CONCLUSION**

For all the reasons set forth above, it is respectfully requested that Plaintiffs' motion for approval of distribution and publication of class notice be granted in its entirety.

---

[2] Among other things, it is reasonable to assume that a great many, if not a majority, of former subscribers became former subscribers because they moved. With more than one million former subscribers, a search to find good addresses for these persons can safely be assumed to be impractical and would entail a substantial expense.

DATED: August 20, 2014                               Respectfully submitted,

STONE BONNER & ROCCO LLP                             LAW OFFICE OF TODD J. KROUNER

By:    /s/ Ralph M. Stone                            By:    /s/ Todd J. Krouner
       Ralph M. Stone                                       Todd J. Krouner
       (rstone@lawssb.com)                                  (tkrouner@krounerlaw.com)

145 West 45th Street, Suite 701                      93 North Greeley Avenue
New York, New York 10036                             Chappaqua, New York 10514
Tel. (212) 239-4340                                  Tel. (914) 238-5800
Fax (212) 239-4310                                   Fax (914) 238-5820


SHAHMOON & ELLISEN LLP

By:    /s/ Carol S. Shahmoon
       Carol S. Shahmoon
       (cshahmoon@sandelaw.com)

370 Lexington Avenue, 24th Floor
New York, New York 10017
Tel. (646) 820-5490
Fax (917) 591-0164

*Co-Lead Counsel for Plaintiffs*