# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

|  | 601 Lexington Avenue<br>New York, New York 10022 |  |
|---|---|---|
| Andrew M. Genser<br>To Call Writer Directly:<br>(212) 446-4809<br>agenser@kirkland.com | (212) 446-4800<br>www.kirkland.com | Facsimile:<br>(212) 446-4900 |

October 1, 2014

**Via ECF Filing**

Hon. Joanna Seybert
United States District Judge
U.S. District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722-4438

Re:   *In re Cablevision Consumer Litig.* (E.D.N.Y. No. 10-cv-4992)

Dear Judge Seybert:

We are counsel for Cablevision in the above-referenced matter.  We have filed today a motion to strike the testimony of Plaintiffs' experts Todd Buchholz and Larry Gerbrandt.

I write to emphasize that Cablevision's motion proceeds on very different grounds than does Plaintiffs' pending motion to strike the testimony of Cablevision expert Elizabeth Losinski (Dkt. #125).  In short, as detailed in the respective motion papers, Cablevision's motion to strike is based on the failure of Plaintiffs' experts to follow the law of damages in this case, as established by the Court in its prior ruling, as well as Plaintiffs' experts' proposed improper testimony on questions of law.  By contrast, Plaintiffs' would-be objections to the testimony of Ms. Losinski properly go to the weight accorded to that testimony, not its admissibility.

Indeed, the recent deposition of Plaintiffs' industry expert Mr. Gerbrandt confirms that Plaintiffs' co-pending motion to strike goes, at most, to the admissibility of Ms. Losinski's testimony.[1]  Cablevision took Mr. Gerbrandt's deposition on September 19, 2014.  At that deposition, Mr. Gerbrandt admitted that he has no disagreement with the vast majority of Ms. Losinski's Expert Report, including its discussion of the cable industry, the Fox dispute, the editorial discretion of cable operators, the dynamics of negotiations between cable operators and

---

[1] To the extent required, we respectfully ask the Court's permission to submit this supplemental letter brief in further opposition to Plaintiffs' Motion to Strike Testimony and Report of Elizabeth Losinski and to Preclude Defendants from Relying on Untimely Discovery (Dkt. #125) (the "Motion to Strike").

## KIRKLAND & ELLIS LLP

Hon. Joanna Seybert
October 1, 2014
Page 2

programmers, and other key propositions that underlie her opinions.[2] Mr. Gerbrandt also testified that he has no basis on which to disagree with Ms. Losinski's discussion of the applicable regulatory framework.[3]

Likewise, Mr. Gerbrandt's Rebuttal Expert report, served on September 11, 2014 in response to Ms. Losinski's report, confirms the admissibility of Ms. Losinski's opinions.[4] In his rebuttal report, Mr. Gerbrandt opines on the very same topics and uses the same materials and methodologies as Ms. Losinski. For example, while in his initial Report, Mr. Gerbrandt ventures beyond Ms. Losinski and impermissibly purports to interpret the contract language and offer opinions on the ultimate question of liability in this case, in his Rebuttal Report he identifies certain phrases in the contract as terms of art in the cable industry and gives his opinion as to the customary meaning of those terms. As to the latter, Ms. Losinski does the exact same thing. Mr. Gerbrandt also relies on various legislative materials (regarding the meaning of the term "programming blackout") and on one document produced by Cablevision (regarding whether "disruption of service" is an industry term of art). (*See* Rebuttal Report of Larry Gerbrandt at ¶¶ 5-20.) Ms. Losinski likewise relies on regulations and certain Cablevision documents to support *her* opinions that certain terms are industry terms of art with certain commonly-understood meanings. (*See* Expert Report of Elizabeth Losinski at 22-28; Rebuttal Report of Elizabeth Losinski at 6-7, 9.)[5]

Plaintiffs' sponsorship of Mr. Gerbrandt as an industry expert who takes no issue with the majority of Ms. Losinski's testimony, and who offers the same type of opinions using the same methodology and type of source materials as does Ms. Losinski on the narrow areas in which he

---

[2] *See* Declaration of Andrew M. Genser in Support of Defendants' Motion to Exclude Expert Opinions of Todd Buchholz and Larry Gerbrandt ("Genser Decl."), Ex. 6, Gerbrandt Dep. at 199:10-14; 204:5-205:5; 205:17-211:9; 208:6-219:12.

[3] *See* Genser Decl., Ex. 6, Gerbrandt Dep. at at 42:5-8 ("Q: Do you consider yourself to be an expert in the laws and regulations that apply to cable operators in the cable industry? A: No.").

[4] Copies of the relevant reports are attached to the Genser Declaration as Ex. 4 (Rebuttal Report of Larry Gerbrandt ("Gerbrandt Rebuttal Report")) and Ex. 8 (Rebuttal Report of Elizabeth Losinski ("Losinski Rebuttal Report")). A copy of the transcript of Mr. Gerbrandt's testimony is attached as Exhibit 6 to Genser Declaration. Ms. Losinski's Expert Report was attached as Exhibit A to the Declaration of Carol Shahmoon in Support of Plaintiffs' Motion to Strike. (Dkt # 125-1) ("Losinski Report").

[5] In fact, Mr. Gerbrandt agreed that "the use of terminology in regulations in the cable industry is relevant to the inquiry of whether that terminology is a term of art in the cable industry." (Genser Decl., Ex. 6, Gerbrandt Dep. at 238:24-239:7.) In so testifying, Mr. Gerbrandt conceded that Ms. Losinski's review of the relevant terminology in applicable regulations in her Expert Report and Rebuttal Report is an appropriate methodology for answering that critical question. (*See* Losinski Report at 22-28; Genser Decl., Ex. 8, Losinski Rebuttal Report at 6-7, 9.)

## KIRKLAND & ELLIS LLP

Hon. Joanna Seybert
October 1, 2014
Page 3


disagrees with her expert report, makes clear that their challenge goes to the *weight*, not the *admissibility* of Ms. Losinski's opinions.

      Respectfully submitted,

      */s/* Andrew M. Genser
      Andrew M. Genser

      *Attorney for Defendants Cablevision Systems Corporation and CSC Holdings, LLC*

cc:    Hon. Kathleen Tomlinson  (courtesy copy)
       All counsel of record (via ECF)