UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Cablevision Consumer Litigation<br><br>This Document Relates To:<br><br>All Actions | Case No. 10-cv-04992 (JS)(AKT)<br><br>ECF Case<br>Electronically Filed |

**PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

Plaintiffs respectfully submit the following Statement of Material Facts, as to which there is no genuine issue to be tried, pursuant to Loc. R. 56.1, in support of Plaintiffs' Motion Seeking Entry of an Order Granting Summary Judgment as to liability against defendants Cablevision Systems Corp and CSC Holdings LLC (referred to collectively herein as "Cablevision"):

1. The Plaintiff class, as represented by the lead plaintiffs in this case, subscribed to and paid for Cablevision cable television services for the period from October 16, 2010 through October 30, 2010 (the "Blackout Period"). *Declaration of Carol S. Shahmoon, Esq., dated March 31, 2016 ("Shahmoon Decl."), Ex*. A.

2. During the Blackout Period, Cablevision's Terms of Service governed the relationship between Cablevision and its subscribers, including the lead plaintiffs and the members of the class. *See Shahmoon Decl. Ex. E; see also Declaration of Thomas H. Golden, Esq. dated March 18, 2011, ECF Document No. 34-2, ¶ 3.*

3. Paragraph 4 of the Terms of Service states:

> Disruption of Service: In no event shall Cablevision be liable for any failure or interruption of program transmissions or service resulting in part or entirely from circumstances beyond Cablevision's reasonable control. Subject to applicable law, credit will be given for qualifying outages. **In any event, if there is a known program or service interruption in**

1

> **excess of 24 consecutive hours (or in excess of such lesser time period pursuant to state law), Cablevision, upon prompt notification of such failure or interruption from Subscriber, will either provide Subscriber with a pro-rata credit relating to such failure or interruption or, at its discretion, in lieu of the credit provide alternative programming during any program interruption.** Cablevision shall not be liable for any incidental or consequential damages.

*Shahmoon Decl. Ex. E (emphasis added).*

4. The cable television service plans subscribed to by Plaintiffs included some or all of the following channels: WNYW a/k/a Fox 5, WWOR a/k/a the My9 Channel, WTXF a/k/a Fox 29, Fox Business Network, National Geographic Wild and Fox Deportes (the "Fox Channels"). Packages known as "iO packages" included all of the Fox Channels, and packages known as "Broadcast Basic" and "Family Cable" included WNYW a/k/a Fox 5, WWOR a/k/a the My9 Channel, WTXF a/k/a Fox 29, but not Fox Business Network, National Geographic Wild and Fox Deportes. *Shahmoon Decl. Ex. G; Shahmoon Decl. Ex. B at 4-5.*

5. During the Blackout Period, Cablevision did not retransmit or distribute the Fox Channels to Plaintiffs or the putative class of Cablevision subscribers ("the Fox Channels Interruption"). *See Answer and Affirmative Defenses of Defendants Cablevision Systems Corporation and CSC Holdings, LLC to the Second Consolidated Amended Complaint (the "Answer"), ECF Document No. 55, ¶ 3.*[1] *Shahmoon Decl, Ex. B at 12-13;*[2] *id. at 4-5.*[3]

---

[1] "Cablevision denies the allegations of paragraph 3 of the Complaint, except admits that, from October 16, 2010 to October 30, 2010, News Corp. exercised its right under federal law to deny Cablevision the right to retransmit WNYW a/k/a Fox 5, WWOR a/k/a the My9 Channel, WTXF a/k/a Fox 29, and that during that period News Corp. also elected not to deliver to Cablevision the signals of Fox Business Network, National Geographic Wild, and Fox Deportes."

[2] "Cablevision was unable to offer its subscribers programming content on the Fox Channels from October 16, 2010 to October 30, 2010, because the relevant retransmission consent agreement between Cablevision and News Corp. expired at 11:59 p.m. on October 15, 2010. As of 12:00 a.m. on October 16, 2010, Cablevision no longer had consent from News Corp. to retransmit WNYW, WWOR and WTXF, and federal law prohibits retransmitting such channels without consent from the channel provider. Further, upon expiration of the relevant agreement, News Corp. ceased providing to Cablevision the signal for National Geographic Wild, Fox Business Network, and Fox Deportes, causing Cablevision to be unable to distribute those channels to its customers."

[3] Defendants' Response identifies "WNYW (Fox 5), WWOR (My9), WTXF (Fox 29), Fox Business Network,

2

6. On October 16, 2010, Cablevision notified Plaintiffs and other subscribers that Cablevision would not retransmit or distribute the Fox Channels, pending conclusion of negotiations with News Corp. for retransmission and distribution rights. *Shahmoon Decl. Ex F.*

7. Cablevision did not provide alternative programming specific to the Fox Channels during the period beginning October 16, 2010 through October 30, 2010. *Shahmoon Decl., Ex. B at 9-10.*

8. Cablevision did not provide any credit to its subscribers attributable to the Fox Channels Interruption. *Shahmoon Decl. Ex. B, at 8.*[4]

9. Paragraph 4 of the Terms of Service requires that the credit to subscribers for a program or service interruption be provided "pro rata," such that subscribers with the same plan were entitled to receive a credit in the same amount for the Fox Channels Interruption. *Shahmoon Decl. Ex. E, ¶ 4; Shahmoon Decl, Ex. C;*[5] *cf. Shahmoon Decl. Ex. D.*

---

National Geographic Wild, and Fox Deportes" as "the Fox Channels that were not provided to customers from the period October 16, 2010 through October 30, 2010."

[4] "Cablevision is not aware of any customers who communicated complaints to it relating to a disruption in the provision of the programming content on the Fox Channels between October 16, 2010 through October 30, 2010, and who thereafter received a reduced charge for cable television service on their monthly invoice because of such disruption."

[5] "Tom's language makes clear that obviously we plan to issue credits to our customers to reflect the loss of Fox programming, and in the event we don't reach agreement there will be rate adjustments." *See Shahmoon Decl. Ex.B, at 10 (stating that, among others, Jim Maiella, Tom Rutledge, Lee Schroeder, and Charlie Schueler were persons with knowledge concerning Cablevision's consideration of providing subscriber credits for the Fox Channels Interruption).*

3

Dated: March 31, 2016                                    Respectfully submitted,

STONE BONNER & ROCCO LLP                                 LAW OFFICE OF TODD J. KROUNER

By:  /s/  Ralph M. Stone                                 By:  /s/  Todd J. Krouner
   Ralph M. Stone                                       Todd J. Krouner
   (rstone@lawssb.com)                                   (tkrouner@krounerlaw.com)
   145 West 45th St., Suite 701                          93 Greeley Avenue
   New York, NY 10036                                    Chappaqua, NY 10514
   Tel: (212) 239-4340                                   Tel: (914) 238-5800
   Fax: (212) 239-4310                                   Fax: (914) 238-5820


CSS LEGAL GROUP PLLC

By:  /s/  Carol S. Shahmoon
   Carol S. Shahmoon
   (cshahmoon@csslegalgroup.com)
   1010 Northern Blvd., Suite 208
   Great Neck, NY 11021
   Tel: (646) 517-4399
   Fax: (646) 880-9359


*Co-Lead Counsel for Plaintiffs*