**STONE BONNER & ROCCO** LLP
ATTORNEYS AT LAW

145 WEST 45TH STREET • SUITE 701 • NEW YORK • NEW YORK • 10036

TELEPHONE
(212) 239-4340

FAX
(212) 239-4310

WEB
WWW.LAWSSB.COM

May 9, 2016

*BY ECF SYSTEM AND OVERNIGHT*

Hon. A. Kathleen Tomlinson
United States Magistrate Judge
United States Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

Re:   *In re Cablevision Consumer Litig.* (E.D.N.Y., No. 10-cv-04992)

Dear Judge Tomlinson,

I write further to Your Honor's Order dated May 6, 2016 [ECF 193], directing the parties to explain why the discovery issue presented in the motion to compel discovery that was filed on May 5, 2016 was not brought to the Court's attention sooner. In short, plaintiffs balanced the desire not to burden the Court with a motion with the defendant's repeated assurances that they would produce the requested original documents. Plaintiffs thus filed their motion only reluctantly after we became frustrated by the delay and convinced that a motion was likely the only way we could obtain the documents that we believe we are entitled to receive.

To be clear, the record of communications in the period between January 8, 2016 and May 5, 2016, is replete with efforts by plaintiffs to secure the requested documents. Importantly, in February and March, we were led to believe that the requested documents would in fact be produced.[1]

In March, documents were produced and, upon examination, they proved not to be the documents we had requested and assumed would be produced. We believed in March that it was possible that the documents were still not produced as a result of a misunderstanding, which again led to a telephonic conversation in which we made clear again what we expected was to be produced and why what was produced was deficient.

---

[1] We will not burden the Court with copies of every item of correspondence. In addition to the correspondence attached as Exhibits 1 through 6 to the motion to compel [ECF 192-1 through 192-6], we attach hereto as Exhibit 1 hereto an email from Carol Shahmoon (one of Plaintiffs' lead counsel) to Andrew Genser (one of Cablevision's counsel) responding to his correspondence delivered after the motion to compel was filed. In that communication, Ms. Shahmoon recounts much of the chronology reflecting our efforts, the basis for our beliefs, and our increasing frustration. The items referenced in Ms. Shahmoon's email are collected in chronological order as Exhibit 2 hereto. The correspondence and covering email from Mr. Genser to which Exhibit 1 hereto responded is annexed as Exhibit 3 hereto.



Hon. A. Kathleen Tomlinson
May 9, 2016
Page 2

In April, we made clear that we did not see the issue as one involving great complexity, and we saw no reason for further delay. Cablevision's counsel assured us he would be responsive in a timely manner. We were advised on April 8 and again on April 25, that Cablevision was "looking into" the issue, and would promptly respond.

Based on their representations to us, from February through early April, we operated under the gracious assumption that Cablevision intended to comply with the outstanding discovery obligation without our having to make a motion to compel. We believed it was possible that the production of "new natives" described in our motion to compel was a result of a genuine misunderstanding, and Cablevision's counsel did nothing to disavow us of that belief. We took at face value the repeated representations by Cablevision that it was "looking into" our request and that they would respond in a timely manner.

Only after Cablevision finally committed to respond by a certain date (*i.e.*, during the week of April 25), and after they failed to meet that commitment, did plaintiffs file their motion to compel. Indeed, remarkably, after we filed the motion on May 5, after allowing another week's grace, Cablevision's counsel chided us for filing the motion, contending that it was premature and that we had not allowed the meet-and-confer process to play out. Exhibit 3 hereto. Along with that message reprimanding us for filing the motion too soon, Cablevision's counsel included a letter advising us for the first time that they would not produce the additional documents that we were awaiting. *Id*.

In sum, the delay in presenting this issue to the Court is a result of a good faith belief that there was a meaningful possibility of resolving the issue without judicial intervention. We did not wish to burden the Court until we were satisfied that the matter was in fact unresolvable without Your Honor's assistance.

Respectfully submitted,

Ralph M. Stone

Enclosures

cc: All Counsel (by ECF)