**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
THEODORE PEARLMAN, MARC TELL, JULIA
GALLO, DOROTHY RABSEY, and JOHN
AZZARELLA, individually and on behalf
of all others similarly situated,

                              Plaintiffs,

         -against -

**ORDER**

CV 10-4992 (JS) (AKT)

CABLEVISION SYSTEMS CORPORATION,

                              Defendant.
-------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       On May 5, 2016, Plaintiffs filed a letter motion seeking to compel Defendant to produce certain documents "in their original native form with their metadata" which were purportedly considered by Defendant's damages expert, Jonathan Orszag. DE 192. The Court issued an Order on May 6, 2016 directing the parties to explain why the issues raised in Plaintiffs' motion "were not brought to the Court's attention sooner." DE 193. On May 9, 2016, the parties filed their respective responses to the Court's Order. *See* DE 197, DE 198. Defendant argues that Plaintiff's motion to compel is untimely since it was filed a year and a half after Defendant produced Orszag's expert report as well as the Excel spreadsheets he considered in forming the opinions expressed in that report (the "Orszag Spreadsheets"). *See* DE 198. Defendant further asserts that Plaintiffs are not entitled to discover the requested documents, which were submitted by Defendant to Orszag's staff but were never considered by Orszag himself in preparing his expert report. *Id.* Plaintiffs filed a reply on May 17, 2016, as directed by the Court, contending

that they are, in fact, entitled to discover the "original source files of company data" compiled by Defendant.  DE 201.

Upon reviewing these submissions and the parties' arguments, the Court finds that Plaintiffs have not demonstrated that Defendant should be compelled to produce the documents identified in their motion.  Primarily, the Court agrees with Defendant that Plaintiffs' motion is untimely.  Defendant served Orszag's report and the Orszag Spreadsheet on July 18, 2014, and Orszag's deposition was conducted on October 2, 2014 – the date expert discovery closed in this matter.  *See* DE 140; DE 198.  To the extent Plaintiffs believed they were entitled to additional documents or information considered by Orszag other than the Orszag Spreadsheets, they should have explored that issue during Orszag's deposition and made an appropriate application to the Court in a timely manner following the close of that deposition.  Instead, Plaintiffs proceeded with a motion to exclude Orszag's expert opinions, which was filed on November 18, 2014.  DE 164.  Even after Judge Seybert denied that motion on December 28, 2015 [DE 179], Plaintiffs still waited nearly five months to file the instant motion to compel.  *See* DE 192.  Although Plaintiffs proffer various reasons why they waited to seek relief from the Court – including their ongoing negotiations with Defendant over discovery – the Court finds that Plaintiffs have not provided the requisite good cause for such a lengthy delay.

Moreover, Plaintiffs have not demonstrated that the documents they seek fall within the scope of Fed. R. Civ. P. 26.  *See* Fed. R. Civ. P. 26(a)(2)(ii) (stating that expert's report "must contain . . . the facts or data considered by the witness in forming [the opinions the witness will express]"); *id.* at (b)(4)(C)(ii) (stating that "facts or data that [a] party's attorney provided and that the [party's testifying] expert considered in forming the opinions to be expressed" are outside the scope of work-product protection and must be disclosed).  Defendant asserts that the requested

documents contain "company data" and were provided by Defendant to Orszag's staff, who "in turn determined which categories of data Mr. Orszag needed for his analysis, and provided those to him in the form of the Orszag Spreadsheets." DE 198 at 3. Thus, according to Defendant, Orszag only "considered" the facts and data contained in the Orszag Spreadsheets, not the full set of data Defendant provided to Orszag's staff and which is embodied in the documents Plaintiffs now seek to compel. *See id.* Defendant further points out that Orszag testified at his deposition on October 2, 2014 that, to his knowledge, all the materials he relied on to prepare his report had already been provided to Plaintiffs "in full." *See id.* (citing Orszag Dep. Trans., annexed as Ex. B, at 19:19-20:4 [DE 198-2]). Again, the time for Plaintiffs to test the credibility of this testimony has long passed. The Court also notes that Plaintiffs have not cited any case law to support their request for all the "source data" Defendant provided to Orszag's staff. *See* DE 192, DE 197, DE 201. Under the circumstances presented here, the Court declines to compel Defendant to disclose the requested documents. *See generally Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, No. 12-CV-220, 2014 WL 655206, at *6 (D. Conn. Feb. 20, 2014) (documents need not be disclosed where an expert "never read, reviewed or considered the subject documents in forming his opinions") (internal citations and quotation marks omitted)); *Thieriot v. Jaspan Schlesinger Hoffman LLP*, No. 07- CV-5315, 2011 WL 4543308, at *4 (E.D.N.Y. Sept. 29, 2011) ("Although an expert's representation as to whether or not he considered a document is not controlling, his testimony that he did not receive, read, review or author a document will negate discovery absent persuasive evidence to the contrary.") (internal quotation marks omitted). Unlike the circumstances in *Thieriot*, no such evidence has been presented here.

For the foregoing reasons, Plaintiffs' motion to compel is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
September 19, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge