**PROPOSED FINAL APPROVAL ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re Cablevision Consumer Litigation**<br><br>-------------------------------------------------------<br><br>This Document Relates to:<br>All Actions | Master File No.<br>10-cv-4992 (JS) (AKT)<br><br>ECF CASE |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

The Court, after notice to the Settlement Class[1] held a hearing on May 17, 2018 for the purpose of determining:

1. whether the proposed settlement of the claims asserted by Plaintiffs in the above-captioned lawsuit (the "Action"), on the terms set forth in the Class Action Settlement Agreement dated June 27, 2017 (the "Agreement"), and the exhibits thereto, is fair, reasonable, and adequate, and should be finally approved by the Court;

2. whether, pursuant to the terms of the proposed settlement, a judgment should be entered dismissing Cablevision Systems Corporation and CSC Holdings, LLC (collectively,

---

[1] The Settlement Class is defined as:

All individuals who contracted with Cablevision prior to October 16, 2010, to receive cable television service on or after October 16, 2010. Excluded from the Class are Cablevision's officers, directors, legal representatives, heirs, successors, and assigns; and any judicial officer assigned to this case and his or her immediate family.

"Cablevision") and Cablevision's present and former parents, subsidiaries, affiliated entities, predecessors, successors, and assigns and each of their respective present, former, and future officers, directors, employees, agents, customer service providers, independent contractors, successors, assigns, parents, subsidiaries, affiliates, insurers, attorneys, and legal representatives of and from all Released Claims; and

    3.    if the settlement is approved, whether the attorneys' fees and expenses to Settlement Class Counsel requested pursuant to the application for attorneys' fees and expenses filed by Settlement Class Counsel on April 9, 2018 should be approved.

The Court, having heard all persons properly appearing and requesting to be heard, having considered the papers submitted in support of the proposed settlement and the oral presentations of counsel, having considered the applicable law, and having considered any objections properly made to the proposed settlement, finds that there is no just reason for delay of the entry of this Final Approval Order. This Final Approval Order adopts and incorporates the Agreement, the terms defined therein, and all exhibits thereto.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

    1.    The Court finds that it has personal jurisdiction over all members of the Settlement Class and that it has subject matter jurisdiction to approve the Agreement and all exhibits thereto.

    2.    The Court gives final approval to the settlement as fair, reasonable, and adequate as to all Parties, and consistent and in compliance with all requirements of federal law as to, and in the best interests of, all Parties and the members of the Settlement Class, and directs the Parties and their counsel to implement and consummate the Agreement in accordance with its terms and provisions.

3. The Court declares the Agreement and the Final Approval Order to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the release set forth in Paragraph **Error! Reference source not found.** of the Agreement maintained by or on behalf of Plaintiffs or any other members of the Settlement Class, as well as their heirs, executors, administrators, successors, and assigns.

4. The Court finds that the notice implemented pursuant to the Agreement constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary and other relief; (ii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iii) meets all applicable requirements of federal law.

5. The Court finds that final certification of the Settlement Class (including its Sub-Classes) is appropriate and that the Settlement Class Counsel and Plaintiffs adequately represented the Settlement Class (including its Sub-Classes) for the purposes of entering into and implementing the settlement.

6. The Court dismisses the Action (including all individual and class claims presented thereby or that could have been presented thereby) on the merits and with prejudice and without fees or costs except as provided herein.

7. The Court adjudges that Plaintiffs and the Settlement Class have fully, finally, and conclusively compromised, settled, discharged, dismissed, and released any and all Released Claims against Cablevision and as further provided in Paragraph **Error! Reference source not found.** of the Agreement.

8. The Court approves the payment of attorneys' fees, costs, and expenses to Settlement Class Counsel in the amount of $_____ (the "Attorneys' Fee Award") [$5,014,479.64 requested].[2] The Attorneys' Fee Award will be paid to Ralph M. Stone of Stone Bonner & Rocco LLP as designee of Settlement Class Counsel in accordance with the terms of the Agreement. The award of attorneys' fees shall be allocated by Settlement Class Counsel in their discretion among other plaintiffs' counsel for their respective contributions in the prosecution of this litigation. The Attorneys' Fee Award shall be paid no later than the later of: (i) forty-five (45) days after the date of the entry of the Final Approval Order; (ii) forty-five (45) days after the resolution of any motion enumerated in Federal Rule of Appellate Procedure 4(a)(4)(A); or (iii) thirty (30) days after the full and final resolution of any appeal of the Final Approval Order, provided the Final Approval Order has not been reversed or modified in any material respect as a result of any such motion or appeal. Settlement Class Counsel are authorized to and shall pay out of the Attorneys' Fee Award a service award of $1,500 each to the following plaintiffs: Sean Ahearn, John Azzarello, Eric Bohm, John Brett, Angelo Brucchieri, William G. Canfield, Ralph Dudley, Arthur Finkel, Salvatore A. Gandolfo, Tina Green, Andrew Koplik, David Menoni, Theodore Pearlman, Vincent Pezzuti, Dorothy Rabsey, Martin Jay Siegel, Stanley J. Somer and Marc Tell.

9. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves jurisdiction over Cablevision, Plaintiffs, and the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Agreement and the Final Approval Order, and for any other necessary purposes.

---

[2] Plaintiffs have requested and defendant does not oppose an award of attorneys' fees of $4,750,000, plus an award of expenses of $264,479.64, for a total Attorneys' Fee Award of $5,014,479.64.

10. Upon entry of this Order, Plaintiffs and all members of the Settlement Class who have not been excluded from the Settlement Class shall permanently be barred from asserting and shall have released any and all Released Claims against Cablevision, the Releasees, or any other designees acting on behalf of or through Cablevision, as further provided in the release set forth in Paragraph **Error! Reference source not found.** of the Agreement.

11. Upon entry of this Order, Cablevision and the Releasees shall permanently be barred from asserting and shall have released any and all Released Claims Against Plaintiffs against Plaintiffs, their attorneys, members of the Settlement Class, as further provided in the release set forth in Paragraph **Error! Reference source not found.** of the Agreement.

12. The Court determines that the Agreement and the Settlement provided for therein, and any proceedings taken pursuant thereto, are not offered or received, and should not in any event be offered or received as evidence, a presumption, a concession, or an admission of liability by Cablevision; provided, however, that reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Agreement.

13. The Court bars and enjoins all members of the Settlement Class who have not been excluded from the Settlement Class from: (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims; and (ii) organizing members of the Settlement Class who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a

pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

14. The Court approves the Opt-Out List attached hereto as Exhibit A, and determines that the Opt-Out List is a complete list of all Settlement Class members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Approval Order or Agreement.

15. The Parties are hereby authorized to agree to and adopt such amendments to, and modifications and expansions of, the Agreement and all exhibits and amendments thereto as: (i) are consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of the Settlement Class members.

16. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then the Agreement, this Final Approval Order and Judgment, and other terms herein including the certification of the Settlement Class shall be rendered null and void and be vacated.

17. The Court finds that there is no just reason to delay the entry of this Judgment as a final judgment in this action. Accordingly, the Clerk of the Court is hereby directed to enter this final judgment in this Action.

**SO ORDERED** this _____ day of _____, 2018

_____
Hon. A. Kathleen Tomlinson
United States Magistrate Judge