# LAW OFFICE OF
# DONOVAN
# BEZER

30 Park Avenue · Lyndhurst, NJ 07071 · (201) 677-8693 · Fax (201) 706-7644 · bezerlaw.com

May 14, 2018

*VIA E-FILING AND*
*FAX, 631-712-5766*
Hon. A. Kathleen Tomlinson, U.S.M.J.
United States District Court
Eastern District of New York
Alfonse M. D'Amato United States Courthouse
100 Federal Plaza
Central Islip, NY 11722

> RE:    *In re Cablevision Litigation*
> *2:10-cv-04992-JS-AKT*
> *Motion to Permit Filing of Late Brief, etc.*

Dear Judge Tomlinson:

I represent Objectors, Simon and Christine Bezer, in the above-referenced matter.

I write Your Honor to comply with Your Honor's Individual Practice Rules.

I am filing and mailing all documents, but not including them in the fax pursuant to Rule I.C., as more than four pages are involved.

Pursuant to Your Rule I.D., regarding the request for a stay/adjournment: (1) the original date of the Final Fairness Hearing is/was May 17, 2018; (2) the number of previous requests for an adjournment or extension from these Objectors and their Counsel is one; (3) the prior request for an adjournment or extension from the undersigned was not ruled upon by the Court, and therefore implicitly denied; (4) the reasons why an adjournment or extension is necessary are set forth in the filed brief, but can be summarized as follows in the following paragraphs; and (5) I have called all Class Counsel and counsel for Defendant but did not obtain consent, and I have been unable to reach Judge Dickerson and the other objectors.

Again, Movants wish to incorporate their Brief in their response to Judge Tomlinson's individual practice rule inquiry as to why a stay is necessary. Objectors' request to stay the proceedings and to be heard could not have filed earlier. Objectors' Counsel is and was eligible to practice in the Eastern District, but was prevented from filing documents in this case. Administrative Order 2004-08, Local Rule 1.3, and Your Honor's Individual Practice Rules constitute an absolute bar on communications to the court that are not e-filed. An absolute bar preventing a party from retaining counsel of their choosing and petitioning a court constitute unconstitutional prior

restraints of speech. Government restriction on the way a speaker communicates – when such restrictions are absolute and unwaivering – violate the First Amendment and other constitutional rights and protections.

Because Objectors have been denied the ability to fully participate in the proceeding, a stay is needed to remedy their inability to participate. Movants do not wish to cause this case to start over again. They merely wish to cause this case to go back in time to when all class members were told there was a settlement. Given the extraordinarily abbreviated length of time that absent class members have had to be involved, this is not an excessive request. Further, it is entirely reasonable given the length of time Class Counsel have had to ponder their strategy and file documents (ten years) compared to the length of time absent class members have had to consider developments in the case and then act (one month).

The Brief could not have been submitted earlier than today because I was not sworn in to the Eastern District until May 11, 2018, and was not permitted to e-file until May 14, 2018. (I had coincidentally filed application for admission to the Eastern District in January, 2018). There is no surprise or prejudice involved. We have not delayed. I previously filed a Notice of Intent to Appear, and my clients filed an Objection, but prior to May 11th I was not permitted to practice in the Eastern District. My clients' Objection made clear that they wished to present legal argument to the Court, but could not do so themselves as laypeople. Class Counsel recited my clients' Objection in their most recent filing, and cannot claim surprise.

Given that this case has stagnated for years and Class Counsel did not notice the class until last month, I would respectfully request that my clients' motion be granted in its entirety, including a stay.

I thank the Court very much for its attention to this matter.

Respectfully submitted,

Donovan Bezer

Encl.

cc:     Andrew Genser, Esq. (counsel to Defendant)
        Law Office of Todd J. Krouner, P.C. (Class Counsel)
        Stone Bonner & Rocco LLP (Class Counsel)
        CSS Legal Group PLLC  (Class Counsel)
        Thomas A. Dickerson
        Cathleen Woods-King, Esq.
        Linda Cerreta
        Darelen Drummer
        (w/ encl., via e-filing and Regular Mail)