# LAW OFFICE OF DONOVAN BEZER

30 Park Avenue • Lyndhurst, NJ 07071 • (201) 677-8693 • Fax (201) 706-7644 • bezerlaw.com

June 8, 2018

*VIA REGULAR MAIL COURTESY COPY,*
*AND E-FILING*
Hon. A. Kathleen Tomlinson, U.S.M.J.
United States District Court
Eastern District of New York
Alfonse M. D'Amato United States Courthouse
100 Federal Plaza
Central Islip, NY 11722

   **RE:** *In re Cablevision Litigation,* **2:10-cv-04992-JS-AKT**
      **Reply to Opposition to Objectors' Emergency Motion re: fee application,**
      *and Opposition to Motion to Strike*

Dear Judge Tomlinson:

I represent the Objectors, Simon and Christine Bezer (the "Objectors" or "Bezer Objectors"), in the above-referenced matter. Please accept this Letter Brief and the accompanying Declaration of Simon Bezer in lieu of a more formal brief in Reply to Class Counsel's Opposition to Objectors' Emergency Motion to permit the filing of a brief in opposition to the fee request.

Please also accept this Letter Brief and the accompanying Declaration in Opposition to Plaintiffs' Motion to Strike, filed June 6, 2018, and appearing on PACER at Document 273.

The Objectors' motion is emergent because they need to submit opposition to the fee application before the Court decides the fees to be awarded. Class Counsel argues "no legitimate excuse is offered," apparently forgetting that (a), Objectors' contention is that they could not file argument before May 14, 2018 because the Eastern District prevented their attorney from e-filing, and (b) at the hearing at which they themselves were present, Judge Tomlinson did not permit Objectors to be heard during the fee portion of the hearing.[1] Class Counsel incorrectly contend that Objectors have "repeatedly missed deadlines;" this is untrue, and Class Counsel do not specify what deadlines were purportedly missed.

Class Counsel argue that this Court showed "enormous courtesy" toward the undersigned at the Final Fairness Hearing. The record demonstrates otherwise.

---

1 Judge Tomlinson bifurcated the hearing between argument regarding the settlement itself, and argument regarding the fee application. This bifurcation was presumably predicated on the fact that the motion to approve settlement and fee application were two separate motions.

Class Counsel argues that Objectors' position merely mimics the Dickerson Objectors. This is patently false. The Dickerson Objectors are represented by counsel in Yonkers, New York, local to the Eastern District, who is not an of-state lawyer who seeks to champion locally unpopular claims and positions. *Supreme Court of Virginia v. Friedman*, 487 U.S. 59 (1988); *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274 (1985). Mr. Dickerson went out of his way (when declining to oppose the fee application) to emphasize that lead Class Counsel, Ralph Stone, has been his friend and colleague for decades. And most importantly, the Dickerson Objectors have made no argument that the constitution of subclasses in an of itself prevents both an approval of settlement and an award of fees under F.R.C.P. 23.

The Dickerson Objectors all reside within the Cablevision service range, and so they are physically able to benefit from the settlement. My clients and other similarly-situated absent class members of subclass C do not reside within the tri-state area, and would have to travel to the Cablevision service area to receive any benefit whatsoever from the settlement, because one must be physically at a wifi-hotspot to receive internet service from that hotspot. This constitutes a crucial, fundamental disparity as compared to the Dickerson Objectors.

As Class Counsel conceded at the Final Fairness Hearing, where class members must travel in order to avail themselves of class benefit, such settlement is a coupon settlement and not substantively fair under F.R.C.P. 23. Class Counsel cited *In re Southwest Airlines Voucher Litigation*, 799 F.3d 701 (7th Cir. 2015) for this proposition. Many other reported cases have held the same: where you have to expend money (and particularly, money spent on transportation) in order to receive a class benefit, the benefit should be questioned, which impacts the fee counsel deserves. *See, e.g., In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297 (N.D. Ga. 1993); *In re General Motors Corp. Pickup Truck Fuel Tank Products Liability Litigation*, 55 F. 3d 768 (3d Cir. 1995), *cert. denied* 516 U.S. 824 (1996) (automobile ownership); and *Aburime v. Northwest Airlines,* No. 3-89-402 (D. Minn. Aug. 16, 1991) (class counsel awarded $200,000 in non-transferable credit for travel).

A pleading can be stricken if it merely repeats claims already of record. Two crucial elements are lacking here: the Bezer Objectors have not submitted a pleading, and their proposed filing does not mimic or parrot the Dickerson Objectors. The Bezer Objectors are not local. This Court will presumably publish an order that awards the Bezer Objectors (and all other subclass C members) not just something of negligible value, but something of no value whatsoever. Of the millions of class members, it is a certainty that many subclass C members have moved out of the Cablevision service area and are no longer local, as the Dickerson Objectors are.

The Bezer Objectors relocated from New Jersey to the South, many hundreds of miles away, after the service interruption underlying this litigation. They have not been back, and will not be back. Coming back would work a severe hardship on them. The tolls alone to travel into the Cablevision service area would exceed the overstated putative value of the wifi service. Thus, they cannot take advantage of the free internet service because they have to be physically within range of a hotspot to receive it. This fact alone warrants non-approval of the fee application.

Class counsel sold out the interests of all absent class members in subclass C, and particularly those who, in the past eight years, moved out of the expensive tri-state area. The "key consideration in determining a fee award is reasonableness in light of the benefit actually conferred." *In re HP Inkjet Printer Litig.*, No. 5:05–cv-3580 JF, 2011 WL 1158635, at *10 (N.D. Cal. Mar. 29, 2011), rev'd on other grounds 716 F.3d 1173 (9th Cir. 2013). *Accord* NOTES OF ADVISORY COMMITTEE ON 2003 AMENDMENTS TO RULE 23(H) (in awarding fees the "fundamental focus is the result actually achieved for class members").[2]  It does not matter that this Court does not view the settlement benefit as a coupon. Because it is irrefutable that travel is not free and people in subclass C who moved out of the area have to travel back here to get the benefit, in awarding a fee, this Court must consider the benefit actually conferred.

Class Counsel presents no authority in support of its motion to strike. This is understandable, because the Federal Rule allow a court to strike pleadings <u>only</u>. *Huelbig v. Aurora Loan Servs., LLC*, 2011 U.S. Dist. LEXIS 107428, *4, 2011 WL 4348281. Motions to strike are disfavored. *Barr v. Dramatists Guild, Inc.* (S.D.N.Y. Oct. 21, 1983), 573 F Supp 555, 1983-2 Trade Cas (CCH) P65737. A filing cannot be stricken unless the allegations attacked have no possible relation to controversy. *See, e.g.*, *Minneapolis Gasoline & Fuel Co. v. Ethyl Gasoline Corp.* 2 FRD 307 (D.N.Y. 1941); *Thompson v. United Artists Theatre Circuit, Inc.*, 43 FRD 197 (S.D.N.Y. 1967). A motion to strike is not appropriate on the ground that the matter to be stricken is untimely. *McMillen v. J.C. Penney Co.* 205 FRD 557 (D. Nev.  2002).

Class Counsel have no valid objection to the form of Objectors' filing; they merely oppose the content of the motion, and wish to prevent the relief requested, because they are eager to get their hands on the $5 million fee as soon as possible.

I thank the Court for its attention to these matters.

Respectfully submitted,

Donovan Bezer

cc:     Kirkland & Ellis LLP (counsel to Defendant)
         Law Office of Todd J. Krouner, P.C. (Class Counsel)
         Stone Bonner & Rocco LLP (Class Counsel)
         CSS Legal Group PLLC  (Class Counsel)
         (via e-filing)

         Thomas A. Dickerson, Esq.
         Cathleen Woods-King, Esq.
         Linda Cerreta
         Darlene Drummer
         (via e-filing and Regular Mail)

---

2     To the extent that the District Court disagrees with the proposition that fee awards depend on the results actually achieved for class members, it should postpone decision on the fee application until the Supreme Court decision in *Frank v. Gaos*, Supreme Court Docket number 17-961, in which the Supreme Court recently granted *certiorari* to determine the question of whether a settlement and fee award that provides no direct relief to class members comports with the requirement that a settlement binding class members must be "fair, reasonable, and adequate."