| **LAW OFFICE OF**<br>**TODD J. KROUNER, P.C.**<br>93 NORTH GREELEY AVENUE<br>CHAPPAQUA, NEW YORK 10514<br>(914) 238-5800 | **STONE BONNER & ROCCO LLP**<br><br>1700 BROADWAY, 41ST FLOOR<br>NEW YORK, NEW YORK 10019<br>(212) 239-4340 | **CSS LEGAL GROUP PLLC**<br><br>ONE GREAT NECK ROAD, SUITE 7<br>GREAT NECK, NEW YORK 11021<br>(646) 517-4399 |
|---|---|---|

November 13, 2018

*BY EFC*

Hon. A. Kathleen Tomlinson
United States Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

      Re:    *In re Cablevision Consumer Litig.* (No. 10-CV-4992 (JS)(AKT))

Dear Judge Tomlinson:

      We are Co-Lead Counsel for Plaintiffs in the above-referenced action. We write to request a conference with the Court to discuss the recent notice of appearance and substitution of counsel filed by Donovan Bezer. ECF 280. The substitution purports to substitute Mr. Bezer as counsel for objector Arnold Belgraier, who was represented in the settlement approval process by Hon. Thomas Dickerson (Ret.), a recently retired Associate Justice of the Appellate Division who passed away unexpectedly on July 26, 2018, two months after the Court approved the settlement on May 17, 2018. ECF 276. For the reasons set forth below, we ask that the Court schedule a status conference at which both Mr. Bezer and objector Belgraier be required to appear to explain the circumstances of the substitution.

      Judge Dickerson, on behalf of Mr. Belgraier and two other purported class members, timely objected to the proposed settlement, briefed his objections, and presented his objections at the final fairness hearing on May 17, 2018. ECF 245, 246. 247, 254, 255, 261, 263, 276 (pp. 41-49). Judge Dickerson also indicated at that hearing that his objection to any award of attorneys' fees was based solely on his contention that the settlement was a "coupon" settlement, a contention that he recognized the Court rejected in its extensive oral opinion during the hearing. ECF 276, at p. 78 ("But Your Honor has ruled that that [coupon settlement rule] does not apply, [sic] so other than that, we have no objection, and thank you."). At the conclusion of the hearing, the Court specifically approved the settlement, indicating that its oral ruling was its final ruling, and took the request for an award of attorneys' fees under advisement. ECF 276, at 91.

      The settlement agreement provides that the issue of attorneys' fees is independent of the approval of the settlement, and that the approval of the settlement becomes final upon the expiration of the time to appeal this Court's approval of it. ECF 228, at ¶12. Judge Dickerson, on behalf of objector Belgraier, did not appeal the Court's approval of the settlement, or its determination that it was not a "coupon" settlement, the only basis on which he indicated that he objected to the fee request, within the applicable 30-day appeal period.

Hon. A. Kathleen Tomlinson
November 13, 2018
Page 2

      Unlike Judge Dickerson, who sought to present the objections of his independent clients in a manner that would permit the Court's timely consideration of them, Mr. Bezer has appeared in this action purportedly to object on behalf of family members and has consistently sought to delay the proceedings and obfuscate the basis for his positions. Rather than timely deliver his objection to counsel (who then were required to file all objections with the Court), as set forth clearly in the Notice of Settlement, Mr. Bezer simply delivered a demand to counsel that all proceedings be stayed so that he could prepare his objection. This demand was conveyed, together with all other objections, to the Court. Mr. Bezer subsequently tried to excuse his failure to object in a timely manner in accordance with the simple procedure required by the Court (delivery of the objection to counsel) by asserting that he was somehow obstructed by the ECF filing rules, even though there was no requirement that he make any ECF filing in connection with his objection. Ultimately, Mr. Bezer accused the Court of somehow denying him his constitutional rights because of the ECF filing rules, rules that were entirely inapplicable to the objection process.

      Mr. Bezer was not prejudiced in any way by the ECF filing rules. He could have easily followed the objection procedures specified in the Notice and this Court's scheduling order, which did not require any ECF filing. Notwithstanding his failure to do so, this Court afforded him ample opportunity to present the basis for any objection at the final fairness hearing, and to summarize the points he claims to have made in a brief to which he vaguely referred but which he never filed. Mr. Bezer, however, failed to take advantage of this opportunity. The "brief" to which he alluded did not exist at the time of the hearing, but Mr. Bezer did file a brief setting forth his objections to the settlement and the fee award two weeks later, well after the Court had approved the settlement.

      Nobody has filed any appeal of the Court's approval of the settlement. Consequently, pursuant to its terms, the settlement became "final," and Cablevision implemented the benefits that it provided.

      As Judge Dickerson had indicated that his only objection to any subsequent fee award was based on his contention that the settlement was a "coupon" settlement, a contention rejected by the Court in its approval of the settlement, he abandoned any objection to the requested fee award by failing to appeal the Court's settlement determination.

      Nonetheless, a month and a half following Judge Dickerson's passing, Mr. Bezer obtained Mr. Belgraier's signature on a substitution of counsel, apparently in an effort to cure the substantial inadequacies of the objection he made on behalf of his family member, including the failure to timely object or to serve a basis for his objections until after the Court had approved the settlement. Then, after inexplicably waiting another month and a half after obtaining that signature, Mr. Bezer filed the substitution of counsel with this Court. Through it, he apparently seeks to resuscitate his untimely objection to the only pending issue in this case – the attorneys'

Hon. A. Kathleen Tomlinson
November 13, 2018
Page 3

fee award – through an objector whose previous counsel had abandoned any objections on his behalf by failing to appeal the approval of the settlement.

Given the odd circumstances of this substitution, plaintiffs request that the Court hold a status conference in which the Court can determine whether Mr. Belgraier in fact wishes to proceed with his objection when his previous counsel had abandoned it, or whether the substitution of counsel is being used to support Mr. Bezer's efforts to proceed with his own untimely and unsubstantiated objection to any attorneys' fee award.

Respectfully,

/s/ Ralph M. Stone

/s/ Carol S. Shahmoon

/s/ Todd J. Krouner