**UNITED STATES DISTRICT COURT**  **CIVIL CONFERENCE**
**EASTERN DISTRICT OF NEW YORK**  **MINUTE ORDER**

BEFORE:   A. KATHLEEN TOMLINSON    DATE:   <u>5-17-2018</u>
          U.S. MAGISTRATE JUDGE       TIME:   <u>11:23 a.m. (2 hrs 35 mins)</u>

*In re Cablevision Consumer Litigation*
(*Pearlman, et al v. Cablevision Systems Corporation*)
**Master File No. CV 10-4992 (JS) (AKT)**

TYPE OF CONFERENCE:        **FAIRNESS HEARING**

APPEARANCES:   Plaintiff    Ralph M. Stone
                            Carol Shahmoon
                            Todd Krouner

               Defendant    Andrew Genser
                            Dmitriy Tishyevich

               Objectors    Thomas Dickerson
                            Donovan Bezer

FTR:   11:23-1:58

THE FOLLOWING RULINGS WERE MADE:

      The following is a summary of the Fairness Hearing held today.  If the parties wish to obtain the full record, they are free to contact Courtroom Deputy, Mary Ryan (631-712-5765) to make arrangements to order a transcript which contains the Court's rulings granting Final Approval of the Class Action Settlement and the Court's reasoning for that approval.

1.    In its Preliminary Approval Order issued on January 8, 2018l, the Court set this case down for a Fairness Hearing on May 17, 2018.  *See* DE 243.  On April 9, 2018, Plaintiffs' counsel filed a Notice of Motion for Final Approval of the Class Action Settlement.  *See* DE 249.  Plaintiffs thereafter filed a Motion for Attorney Fees and Reimbursement of Expenses.  *See* DE 252, 269.

2.    At the outset of today's Fairness Hearing, the Court entered into the record a brief encapsulation of the factual and procedural history of this case.  The Court's statements included the approval of the class and the definition of the class as well as the preliminary approval process previously concluded.

3.    The Court also pointed out that Thomas A. Dickerson, Esq., had filed a notice of appearance [DE 245] on April 6, 2018 on behalf of Objectors Brian T. Foley, Edward W. Wynne and Arnold H. Belgraier, class members and objectors to the proposed class settlement.  Attorney Dickerson also filed a Notice of Intent to appear at the Fairness Heaing [DE 246], memorandum of law setting forth his clients' objections to certain aspects of the settlement agreement [DE 247], a Request for Production of Documents [DE 248], and a Memorandum in Opposition to the Plaintiffs' Motion for Attorney Fees and Reimbursement of Expenses [DE 255].

Further, on April 19, 2018, Donovan Bezer, Esq. filed a purported Notice of Appearance [DE 256] but did not state on whose behalf he was appearing. Attorney Bezer did note that he was an attorney in good standing in the State of New York, but had not yet been admitted to practice in federal court, and was attempting to appear for purposes of filing an Objection. On April 23, 2018, Simon Bezer and Christine Bezer, stating that they are members of the class and objectors, filed an "Objection." *See* DE 257. The Bezers requested postponement of the final approval and to stay this action, including the Fairness Hearing "until such time as Objectors can have their counsel of choice admitted to this Court to submit a more detailed Objection." *Id*. That application was denied.

4.      On May 9, 2018, Plaintiffs' counsel filed a letter motion to strike DE 261, the Third Memorandum in Opposition filed by Attorney Dickerson on behalf of Objectors Foley, Wynne and Belgraier, on the grounds that the submission was untimely and beyond the deadline set by the Court's Order. *See* DE 262. On May 11, 2018, the Court issued an Order notifying Attorney Dickerson that it did not intend to consider the arguments raised in that memorandum for the reasons stated in the Order and that he had until May 16, 2018 to show cause, by way of case law or statutory authority, that the Court was obligated to consider a third memorandum of law in these circumstances. Attorney Dickerson did not file any further papers. However, the Court gave Attorney Dickerson the opportunity to be heard by addressing the recent arguments orally. The motion to strike [DE 262] was therefore GRANTED, in part, but counsel was given the opportunity to address the issue at today's Fairness Hearing.

5.      The Court then called upon class counsel to place on the record the number of notices sent out and how those notices were disseminated, the responses received, and the number of objectors. The Court also requested that counsel place the terms of the settlement in the record using *the Grinnell* factors as a guidepost. Defendants' counsel was then given the opportunity to be heard. Attorney Genser on behalf of the Defendants stated that this was a hard fought litigation, that the settlement is a compromise, that the agreement satisfies all of the *Grinnell* factors, and that counsel supports the settlement since it brings appropriate closure to the litigation.

6.      The Court then pointed out three class members who had objected to the proposed settlement. Objectors Catherine Woods-King, Linda Cerreta and Darlene Drummer did not appear at the hearing, although they did submit letters to the Court. After reviewing each of the submissions, the Court found that each of the objections suffered from similar defects which rendered them without merit for purposes of final approval of the settlement agreement.

7.      The Court then turned to Objectors Christine and Simon Beezer. Attorney Bezer, on May 14, 2018, filed a "Notice of <u>Emergency</u> Motion to Permit Submission of a Brief in Opposition to the Settlement, or in the Alternative, to Permit Objectors to Read Their Brief into the Record at the Final Fairness Hearing, and To Stay the Proceedings." DE 265. The Court declined to stay the hearing as requested for the reasons stated in the record today. However, the Court did afford Attorney Bezer an opportunity to be heard as to the objections of Christine and Simon Beezer. The Court requested multiple times that Attorney Beezer state the specific basis for his clients' objections to the settlement agreement. Notwithstanding that request being repeated several times, Attorney Beezer did not do so. Instead, he asked multiple times to read his late 20+ page brief into the record. The Court denied that request. Instead, the Court asked Attorney Beezer, since he authored the brief, to summarize the reasons why his clients were objecting to the agreement. Attorney Beezer instead asked if he could just file the brief. The Court ruled that it was not going to permit the filing of any brief subsequent to the Fairness Hearing – on timeliness grounds, among other things – and particularly since Attorney Beezer

had been given multiple opportunities to state on the record the bases of his clients' objections. The Court reminded Attorney Beezer that he had no legal right to speak at the Fairness Hearing given the circumstances; nonetheless, the Court in its discretion was permitting him to speak because it "would like to get the sense of what your objections are."

In response, Attorney Bezer stated "I would respectfully suggest that the settlement is not fair and adequate under the Federal Rules of Civil Procedure and under the Class Action Fairness Act." The Court responded "[w]hen you said the settlement, as far as your clients are concerned, is not fair or adequate and that you believe it violates CAFA, I'd like to hear the specifics of that." Attorney Beezer replied "[a]nd the specifics obviously require me getting into a brief, that's less than 25 pages, but is certainly longer than Your Honor is looking forward to hearing right now . . . [r]espectfully . . . I don't think it's fair to my clients or to any absent class members to require that the argument be boiled down from the 25-page maximum that Your Honor has in her individual practice rules to two sentences or whatever Your Honor is envisioning that this - - ." The Emergency Motion was DENIED, but Attorney Bezer was given the opportunity to be heard during today's hearing.

8.   After further colloquy between the Court and Attorney Beezer, the Court invited Attorney Thomas Dickerson to present his argument. The thrust of Attorney Dickerson's argument is that this is a "coupon like" settlement, triggering 28 U.S.C. §1712, particularly Section A which deals with how the issue of attorneys fees is to be resolved. Attorney Dickerson spent considerable time bringing certain cases to the Court's attention from his previously submitted brief to support his position that this is a coupon settlement. Plaintiffs' counsel responded by differentiating the cases cited by Objectors' counsel.

9.   The Court then issued its ruling, finding that the settlement at issue here is *not* a coupon settlement for the reasons stated in the record, supported by various court decisions involving similar issues. Attorney Dickerson also argued that the proposed benefits should feature a cash alternative at a discount. The Court overruled that objection for the reasons stated in the record. Likewise, the Court ruled that the 60-day redemption period called for in the agreement is appropriate and that the release is appropriate.

10.   The Court reserved decision on the motion for attorneys' fees and expenses [DE 252] The Court also noted that the attorneys' fees are separate and apart from the recovery for the class.

11.   The Court overruled all other outstanding objections.

12.   Plaintiffs' Motion for Final Settlement Approval [DE 249] is GRANTED. The transcript of today's hearing is the embodiment of the Court's decision.

**SO ORDERED**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

5/17